THE C., D. & M. R. Co. v. OLMSTEAD ET AL.

1. **Taxation**: MANDAMUS: BOARD OF SUPERVISORS. Mandamus will not lie to compel the board of supervisors to levy a tax voted to aid in the construction of a railroad.

2. ———: ———: COUNTY TREASURER. Nor will it lie to compel the county treasurer to collect such tax until the tax lists shall have been placed in his hands and he shall then refuse or neglect to collect it.

*Appeal from Allamakee Circuit Court.*

FRIDAY, JUNE 15.

THE petition and amendments thereto so far as necessary to be stated, are in substance as follows: On the 13th day of March, 1869, a tax of five per cent was voted by the qualified voters of Clayton township, in Clayton county, in aid of the construction of plaintiff's railroad. After the election the township trustees determined the per centum of said tax, and caused their clerk to certify to the clerk of the board of supervisors lists of the same, which were filed with the clerk of the

board, October 26, 1871. Plaintiff has done and performed everything on its part required by law to entitle it to receive the taxes.

The board of supervisors have failed and neglected to deliver said lists to the treasurer of the county for collection or to cause the same to be placed upon the tax books in the treasurer's hands, or to make any levy of said tax, although requested so to do.

The county treasurer has failed and refused and still refuses to collect said tax. A writ of *mandamus* is asked, commanding the board of supervisors to levy said tax and cause the same to be placed on the treasurer's books. A writ is also asked against the treasurer commanding him to proceed to the collection of the tax.

There was a demurrer to the petition, filed by the board of supervisors, upon the ground that the law does not impose on them any duty on the facts stated, or any duty in relation to the subject-matter of the petition. The treasurer demurred to the petition upon the ground that "it is not averred that he or any treasurer of said county ever saw or had possession of, or any notice of, the existence of, the said tax lists." Both demurrers were sustained. Plaintiff appeals.

*H. B. Fouke* and *Stoneman & Chapin*, for appellant.

*Thomas Updegraff* and *J. O. Crosby*, for appellees.

ROTHROCK, J.—I. There are other causes of demurrer aside from those set forth in the foregoing statement: It is not necessary to consider them as in our opinion the case must be disposed of upon the statute in force at the time of voting the tax in question, a construction of which we think is fairly raised by the demurrer.

Sec. 2 of Chap. 48, laws of 1868 provides, that * *
* "if a majority of the votes polled be 'for taxation,'
1. TAXATION: then in that case the township trustees * *
mandamus: * shall at once determine the per centum of
board of supervisors. the same, and cause their respective clerks *
* * to prepare and certify to the clerk of the board of

supervisors, as soon as practicable, lists of the same, which shall be an equal percentage on the taxable property in such township, which shall not exceed five per cent upon the assessed value of the property therein." Sec. 3. "That so soon as such tax lists are prepared, the tax herein provided for shall be due and collectible in the same manner as the county tax is collected; and it shall be the duty of the treasurer of the county to proceed by himself or deputy to collect the same    *    *    * ."

These are all the provisions of the law in regard to the levy and collection of the tax.

No duty is imposed upon the board of supervisors to levy the tax or to do any other act in the premises. The mere fact that the tax lists prepared by the township clerk are required to be filed with the clerk of the board, does not imply that the board shall levy a tax or do any other act. All the duty that is required in the way of a levy is imposed upon the township trustees and their clerk. The tax is collectible as soon as such tax lists are prepared, without any act of the board of supervisors. We think the demurrer of the board of supervisors was properly sustained.

II. The petition does not aver that the tax lists, or certified copies thereof, have ever been filed with the treasurer of the county. He is, therefore, not in possession of the necessary lists to proceed to the collection of the tax. The law imposes no duty upon him to procure the tax lists or copies thereof. If the tax is properly put upon the tax books, or placed in the hands of the treasurer for collection, some officer must be held to possess implied powers. We think, if there be any implied duty provided by the law, it is imposed upon the clerk of the board of supervisors to place the tax upon the tax books for the current year. He is charged with the duty of preparing the tax books for the treasurer for all other taxes. The demurrer of the treasurer was properly sustained.

AFFIRMED.