## HARWOOD v. BROWNELL.

**1. Taxation: IN AID OF RAILROADS: STATUTE OF LIMITATIONS.** Mandamus to compel the county treasurer to enter upon the tax books a tax voted in aid of a railway in 1868, but which was not certified up by the township trustees until 1876, would not be barred by the statute before three years after such certificate was made. Whether or not the statute of limitations would at any time operate to bar such a proceeding, *quære.*

**2. ——: ——: EXTENSION ON TAX BOOK.** The validity of the tax did not depend upon its extension on the tax books in the year in which it was voted, and the fact that it was not so extended would not prevent it from being afterward entered thereon as an unpaid tax of a former year.

**3. ——: ——: WARRANT.** It was not necessary that the clerk of the board of supervisors should attach to the list furnished the treasurer a warrant requiring him to collect the taxes therein levied.

*Appeal from Floyd District Court.*

WEDNESDAY, JUNE 12.

On the 20th day of November, 1877, the plaintiff filed a petition as follows:

"That in the month of October, 1868, the Cedar Falls & Minnesota Railroad Company was engaged in constructing its railroad through Floyd county, and through Floyd township, in said county, and that, for the purpose of aiding said company in the construction of said road, an election was held in said Floyd township, on or about the 29th day of October, 1868, at which election the proposition was submitted to the legal voters of said township, in accordance with the provisions of chapter 48 of the Laws of the Twelfth General Assembly of the State of Iowa, as to whether said legal voters would aid, by the voting of a five per cent tax, the construction of said railroad, and at said election it was, by a majority of said votes, determined that such aid should

be extended, and the trustees of said township, upon the canvassing of the vote, declared, in accordance with the provisions of said chapter 48, that said proposition was adopted, and thereupon said trustees determined the per cent of said tax to be five per cent on the assessed valuation of said township for the year 1868, and ordered the clerk of said township to certify a list of said tax, at said rate, to the clerk of the board of supervisors of said Floyd county; that said township clerk did, thereupon, about the 1st day of January, 1869, certify to the said clerk of the board of supervisors a list of said tax, in all respects in accordance with said trustees' order, and in accordance with the provisions of chapter 48 of said laws; that thereupon said clerk of the board of supervisors delivered to the county treasurer of Floyd county said tax list, and said treasurer proceeded at once to the collection of said tax, and as such treasurer collected about the sum of eight hundred dollars, and paid out said sum on the order of said company, and about the sum of twenty-five hundred dollars has been paid by various tax-payers, to the satisfaction of said railroad company, as provided by said law—all of said payments and collections having been made between November, 1868, and March 1, 1869; that about the sum of nine thousand dollars of said tax still remains unpaid, and said tax list has ever since been in the possession and custody of said county treasurer, and his successors in office, and is still in the possession of the defendant; that about the —— day of February, 1874, the said railroad company executed to your petitioner an order, of which a copy is hereto attached, marked "A," whereby such treasurer was directed to pay the sum of ten thousand dollars, and the entire sum to be collected thereof, to petitioner, and said order was accompanied by an estimate of the engineer in charge of the construction of said railroad, whereby it appeared that more than fifty thousand dollars had been expended in the construction of said railroad through said Floyd township, and both said instruments were duly presented to defendant (a copy of said estimate is

hereto attached, marked "B"); that on or about the 14th day of December, 1876, the township trustees of Floyd township certified to defendant that said railroad company had in all respects complied with the statutes, and with all contracts and agreements in relation to said tax, and was entitled to receive the said tax, and said defendant thereupon gave notice, by publishing in a newspaper duly published in said Floyd county, as required by chapter 2 of the Laws of the Fourteenth General Assembly, for a period of sixty days, which was completed March 3, 1877, a notice that said trustees had so certified (a copy of said certificate of trustees, and of the notice published by said defendant, is hereto attached, marked "C"); that thereupon said tax became delinquent, and it became the duty of said treasurer to at once proceed to collect said tax; that plaintiff is still the owner of said order, and of all said tax."

Plaintiff also alleges "that he is personally interested in said tax, and in the collection of the same, and that he sustains and may sustain damages by the non-performance of said duties by said defendant and his successors, and by the non-collection of said tax; that he has frequently demanded of said defendant, since the publishing of said notice, that he place said tax as being delinquent on his books, but that defendant has wholly failed to do so, and that plaintiff has frequently demanded of defendant that he proceed to collect said tax, but that he has wholly neglected and failed to do so; that, wholly disregarding his duty in the premises, defendant has already advertised and sold the lands throughout said township and county for the taxes delinquent for 1876, but though plaintiff demanded that he include in said advertisement and sale said land included in said list, so far as the taxes thereon were unpaid, he has wholly neglected to do so, and all the taxes on said list, except as hereinbefore stated, still remain uncollected, with all the accrued interest and penalties thereon since March 1, 1877.

"Plaintiff has no adequate remedy at law to recover said

claim, except through the interposition of the court by *mandamus* to compel said officer and his successors in office to proceed to collect said tax. Wherefore plaintiff prays that a peremptory *mandamus* issue from this court, directed to defendant, and to each and every of his successors in office, commanding him and them to forthwith enter on the tax book of the current year, as a tax due on the assessment of 1868, as required by law, and commanding him and them to forthwith proceed to demand immediate payment of said tax of each and every person liable to the payment of the same, together with the usual penalties and interest, dating the same from March 1, 1877, and that should said tax-payers fail for sixty days to pay said tax, commanding that he at once proceed to make the same by distress and sale of the personal property liable for said taxes, and that he proceed to advertise in accordance with law, and to sell the lands liable for said taxes, or any part thereof."

Exhibit "A," attached to this petition, is an order of the Cedar Falls & Minnesota Railroad Company, directing the treasurer of Floyd county to pay to O. P. Harwood ten thousand dollars, or so much as may be collected from time to time, on account of a tax voted in Floyd township, Floyd county, Iowa, in the year 1868, to aid in the construction of said railroad in said township.

Exhibit "B" is a detailed statement of Judd Bradly, the engineer in charge, showing the expenditure by the Cedar Falls & Minnesota Railroad Company within said township, in the construction of said railroad, of the sum of sixty-five thousand two hundred and eleven dollars and seventeen cents. This exhibit further shows that the railroad was completed through Floyd township November 1, 1869.

Exhibit "C" bears date December 14, 1876, is signed by the township trustees of Floyd township, and is as follows:
"*To the County Treasurer of Floyd County, Iowa:*

"We, the undersigned, trustees of Floyd township, do certify

that the Cedar Falls & Minnesota Railroad Company has in all respects complied with the statutes, and with all contracts and agreements referred to in section 2 of chapter 48 of the acts of the Twelfth General Assembly, in relation to the five per cent tax voted October 29, 1868, by this township, to aid in the construction of said railroad, and is entitled to said tax."

To this petition the defendant filed the following demurrer:

"1. The facts stated in the petition do not entitle the plaintiff to the relief demanded, in this, that it does not therefrom appear that the plaintiff, being a private individual, is personally interested therein, or that he sustained or may sustain damage by the non-performance of the alleged duty.

"2. It does not appear from the face of said petition that the said defendant or his predecessors in office were ever legally empowered or directed to collect the said tax.

"3. The said petition does not sufficiently describe or identify any tax as the assessment of any particular body or officer empowered by virtue of such office to make the assessment, and does not sufficiently describe or identify the said pretended tax list to make certain and clear that any recorded tax is sought to be enforced.

"4. It appears from the said petition that the said tax has never been spread upon the books of the defendant as county treasurer, and that the said defendant never received any warrant or direction from either the clerk of the board of supervisors or the county auditor, or from the board of supervisors, to collect the same in the same manner as the county tax is collected, or in any other manner.

"5. That it is no part of the duty of the county treasurer to spread taxes upon the record, and said petition fails to show facts making the same the duty of defendant in this particular case.

"6. That the relief demanded in said petition is founded upon an alleged list of taxes, and that a copy of the same is

not attached to said petition, nor any excuse given why the same is not attached.

"7. That it appears from the face of the petition that the cause of action is barred by the statute of limitations.

"8. That said petition does not show that the tax lists alleged to have been prepared were ever filed in the office of the clerk of the board of supervisors, or of the treasurer of Floyd county, nor does it show that said list ever became a part of the official records or books of the said offices, nor that they ever came officially into the possession of the said treasurer, nor brought officially to his knowledge, nor does it show any official duty connected therewith on the part of the board, nor any act whatever, except that of transportation or messengership."

The court overruled this demurrer and rendered judgment for the plaintiff. The defendant appeals.

*J. S. Root* and *Cleland & Eaton*, for appellant.

*Starr, Patterson & Harrison*, for appellee.

DAY, J.—I. Appellant first discusses and mainly relies upon the seventh ground of demurrer, that it appears from the face of the petition that the cause of action is barred by the statute of limitations. It will greatly conduce to clearness if we keep distinctly in view the relief sought in plaintiff's petition. The petition asks simply—*First,* that the treasurer be required to enter this tax on the tax book of the current year, as a tax due on the assessment of 1868; *second,* that he demand immediate payment of said tax of the persons liable to pay the same; *third,* that should said tax-payers fail for sixty days to pay the tax he proceed to make the same by distress and sale of personal property, and that he advertise and sell lands as by law required.

1. TAXATION: in aid of railroads: statute of limitations.

The relief demanded respecting the entry of the tax upon the tax books is in effect that the treasurer shall comply

with the provisions of section 845 of the Code, which is as follows: "The treasurer, on receiving the tax book for each year, shall enter upon the same in separate columns, opposite each parcel of real property, or person's name on which or against whom any tax remains unpaid for either of the preceding years, the year or years for which such delinquent tax so remains due and unpaid." This duty is one which is renewed, and has an inception every year. Whenever a new tax book comes into the possession of the treasurer a duty arises to enter upon it the taxes remaining unpaid for the previous years.

It is difficult to see how the right to enforce a performance of this duty can be barred by the statute of limitations. It is quite clear, we think, that it cannot be barred so long as the right to enforce the collection of the tax exists. This tax was voted under the provisions of chapter 48, Laws of the Twelfth General Assembly. Under section 3 of this act, and the averments of the petition, this tax became due and collectible on the 1st day of January, 1869, for on that day, the petition alleges, the township clerk certified to the clerk of the board of supervisors a list of said tax in accordance with the provisions of chapter 48, Laws 1868. The petition further avers that the treasurer proceeded to the collection of said tax, and between the month of November, 1868, and March 1, 1869, collected about the sum of eight hundred dollars. Conceding, then, for the purposes of this case, that sub-division 3, section 2529 of the Code, applies to this proceeding and bars the action to compel the collection of the tax in three years, the statute, under the averments of the petition, commenced to run on the 1st day of March, 1869, and the action would have been barred on the 1st day of March, 1872. On the 17th day of February, 1872, chapter 2, Laws 1872, took effect.

In *Harwood v. Case*, 37 Iowa, 692, which was a proceeding for a writ of *mandamus* to compel the collection of the tax now in controversy, we held that the provisions of chapter 2,

Laws 1872, apply to a tax voted under chapter 48, Laws 1868. Section 1, chapter 2, Laws 1872, prohibits county treasurers and township collectors from collecting any tax voted in aid of a railroad under chapter 102, Laws 1870, in violation of the provisions of any special reservation or condition inserted in the notices calling the election, or contrary to any contract, agreement or stipulation in writing made between the railroad company to be benefited by the tax and the township, town, or city authorities, for the benefit of the people. Section 5 of this chapter provides that when the trustees of any township certify to the county treasurer that the railway company has, in all respects, complied with the statutes, and with all contracts and agreements referred to in section 2 of the act relative to such tax, and is entitled thereto, the treasurer shall give sixty days' notice thereof, by publication in some newspaper published in the county, and if there be no such newspaper, by posting three notices in the township from which the tax is collectible. And from the time of giving such notice, and not before, the tax shall become delinquent.

Chapter 50, Laws 1872, makes the provisions of the chapter above considered applicable to a tax voted under chapter 48, Laws 1868. The running of the statute was suspended by chapter 2, Laws 1872, until the township trustees complied with the provisions of section 5 thereof. The township trustees refused to give the certificate required of them, and this gave rise to *Harwood v. Quinby*, 44 Iowa, 385, in which the duty to execute such certificate was declared. The petition alleges that the township trustees made this certificate on the 14th day of December, 1876, and the defendant gave the notice required by chapter 2, Laws of 1872, which was completed March 3, 1877. Then the duty of the treasurer to collect this tax revived, and, if the statute of limitations applies, it then began to run. Chapter 10, Laws of 1872, refers to taxes voted under chapter 102, Laws of 1870, and is not applicable to this case. It follows that the action is not barred by the statute of limitations.

II. It is insisted that it is not the duty of the defendant to extend this tax upon the tax books for the year 1877, 2. —: —: because the tax has never been entered upon the county tax book. The law under which this tax was voted provides that, if a majority of the votes polled be for taxation, the township trustees shall at once determine the per centum of the same, and cause their respective clerks to prepare and certify to the clerk of the board of supervisors, as soon as practicable, lists of the same, which shall be an equal percentage on the taxable property in such township, but shall not exceed five per cent on the assessed value of the property therein. The vote in question was had on the 29th day of October, 1868. The petition alleges specifically that all the requirements of this statute were complied with; that the township trustees determined the per cent of said tax to be five per cent on the assessed valuation of the township, and ordered the clerk of said township to certify a list of said tax at said rate to the clerk of the board of supervisors; that the township clerk, about the first day of January, 1869, certified to the clerk of the board of supervisors a list of said tax, in accordance with said trustees' order; that the clerk of the board of supervisors delivered said tax list to the county treasurer.

It is now urged that this tax cannot be extended upon the books as unpaid taxes of previous years, and consequently cannot be collected, because it was not originally entered upon the county tax book for the year 1868. The law nowhere requires this to be done. The law requires that the county tax list shall be delivered by the clerk of the board of supervisors to the treasurer by the first Monday in November. This tax was not voted until the 29th day of October, and it was not certified to the clerk of the board of supervisors until the January following. We cannot hold, in the absence of any provision upon the subject, that the validity of this tax depends upon its being extended upon the county tax book for the current year. In *Chicago, Dubuque & Minnesota*

*Railroad Company v. Olmstead,* 46 Iowa, 316, apparently relied upon by appellant, it did not appear from the petition that any list of the taxes had been placed in the treasurer's hands. The point whether the treasurer would be authorized to proceed upon a tax list made out by the township clerk and furnished to the treasurer by the clerk of the board of supervisors was not involved in that case.

III. It is claimed that the defendant is under no obligation to extend this tax upon the tax list for 1877, nor to collect the same, because it is not averred in the petition that the clerk of the board of supervisors attached to the list a warrant requiring the treasurer to collect the taxes therein levied. The provision requiring such warrant is contained in section 748 of the Revision, and applies to the general county tax list required to be delivered to the treasurer by the first Monday in November. No such provision is made respecting the tax in question. The law under which the tax was voted provides "that so soon as such tax lists are prepared the tax herein provided for shall be due and collectible in the same manner as the county tax is collected, and it shall be the duty of the treasurer of the county to proceed, by himself or deputy, to collect the same and to pay it into the treasury of such county." The tax list and the law confer upon the treasurer all the authority he requires, and impose the duty of proceeding to collect.

The provision that the tax shall be due and collectible in the same manner as other county tax is collected, refers to the means to be adopted to obtain payment, and not to the precedent steps necessary to constitute a legal tax or authorize its collection. The above discussion disposes of all the objections which require separate notice. The petition sets forth sufficient grounds for the relief demanded.

The demurrer was properly overruled.

                                        AFFIRMED.