BUCKLEY v. EARLY ET AL.

72 289|
81 195|

72 289|
112 727|

72 289|
134 162|

1. **Tax Sale and Deed:** ACTION TO SET ASIDE: RECOVERY OF TAXES PAID. *Barke v. Early*, *ante*, p. 273, followed as to the validity of the tax deeds involved in this case, and as to the right of defendants, upon the setting aside of such deeds, to recover the taxes, with penalties, paid by them on the lands.

2. **Acknowledgment:** DEFECT CURED BY STATUTE. Defective acknowledgments of deeds taken and certified prior to April 30, 1872, and duly recorded, are cured by § 1967 of the Code, and such deeds may be received in evidence the same as if properly acknowledged.

3. **Tax Sale and Deed:** ACTION TO SET ASIDE: ADJUSTMENT OF CLAIMS FOR TAXES AND IMPROVEMENTS: PRACTICE. Where defendants' tax titles were set aside, and judgment rendered for defendants for taxes paid by them on the lands, it was not reversible error to refuse to deduct from the amount of such taxes the rental value of the lands while they had been in defendants' possession; because the decree secured to defendants the right to file a petition for improvements within a prescribed time, and provided that plaintiff should have sixty days after the determination of the claims for improvements in which to pay the amount adjudged against him for taxes, and so the opportunity was not cut off for plaintiff to recover for the rent of the land.

*Appeal from Sac District Court.*

WEDNESDAY, JUNE 29.

ACTION to quiet the title to lands. There was a decree granting the relief prayed by plaintiff, and a judgment in favor of defendants was rendered for the amount of taxes on the land paid by them, with interest, costs, and penalties, which is made a lien upon the lands. Both parties appeal.

*Mason & Thomas,* for plaintiff.

*S. M. Elwood* and *Ed. R. Duffie*, for defendants.

BECK, J.—I. Defendants claim the land under tax sales and deeds. Plaintiff claims under the patent title. The district court held the tax title void, and that defendant is entitled to recover the amount of taxes paid by him, with interest, costs and penalties, as in case of redemption from tax sales, and granted relief by the decree accordingly. Questions involv-

1. TAX sale and deed: action to set aside: recovery of taxes paid.

ing the validity of defendant's tax title, and his right to recover for taxes paid upon the land by him, arise in the case. The same questions arose upon substantially the same facts in *Barke v. Early, ante,* 273, wherein we held that the tax title was invalid, and that the holder thereof was entitled to recover the taxes paid by him, and interest, costs and penalties, as in case of redemption from the tax sale. The decree of the court below accords with our opinion in that case.

II. The defendants insist that certain deeds were erroneously admitted in evidence to establish plaintiff's title, for

2. ACKNOWL-
EDGMENT:
defect cured
by statute:

the reason that the certificates of acknowledgments failed to show that the acknowledgments were taken at a place within the jurisdiction of the officers certifying thereto. But the defects in these deeds are cured by Code, § 1967, which declares that the acknowledgment of all deeds taken and certified prior to April 30, 1872, and duly recorded, are legal and valid. The acknowledgments were taken and certified before the date prescribed in the section, and the deeds were duly recorded. The defects in the acknowledgment, if any there be, are cured by this statute.

III. The plaintiff insists that, as he claimed to recover in his petition on the ground that defendants, or one of them,

3. TAX sale
and deed:
action to set
aside: adjust-
ment of
claims for
taxes and im-
provements:
practice.

had been in possession of the lands for four years, and the rental value thereof was $100 per year, and the allegations to that effect are not denied by defendant's answer, the judgment against him for taxes should have been reduced by that amount as by an offset. The decree secures defendant's right to file a petition for pay for improvements within a time prescribed, and directs that, if it be filed, no writ for possession issue, and that plaintiff shall have sixty days after the determination of the claim for improvements in which to pay the amount adjudged against him for taxes. It will be seen that the question of the amount which plaintiff is entitled to recover for rent may be determined, and, we doubt not, more nearly in accord with justice, in the proceedings to recover

pay for improvements. And, indeed, if the improvements do not equal in value the amount due for rent, the plaintiff may in the court below have the proper order made to deduct any balance from the amount of the judgment for taxes paid.

The decree and judgment of the court below is

AFFIRMED.