## Dows & Co. v. Dale et al.

Tax Sale : FOR DELINQUENT PERSONAL TAXES NOT CARRIED FORWARD :
ENTRIES IN BOOK NOT KNOWN TO LAW. Certain delinquent taxes
upon personal property were not carried forward on the regular
tax-lists, as provided by section 845 of the Code, but were entered
by the treasurer in a separate book which he kept for the purpose,
but which was unknown to the law. Afterwards the person who
was liable for the taxes sold to plaintiffs, who had no actual knowl-
edge or notice of such taxes, certain land on which they would
have been a lien had they been properly carried forward. Held
that the entries in the book above referred to did not impart con-
structive notice to plaintiffs of its contents, and that a subsequent
sale of the land for such taxes was void.

*Appeal from Adams District Court.*—HON. R. C.
HENRY, Judge.

FILED, MARCH 9, 1888.

ACTION in equity. Certain real estate was sold for
delinquent taxes, and this action was brought to redeem
from such sale. The relief asked by the plaintiffs was
granted, and the defendants appeal.

*H. F. Dale* and *Burg Brown*, for appellants.

*T. M. Stuart*, for appellees.

SEEVERS, C. J.—I. This case was submitted upon
the pleadings and an agreed statement of facts, and
therefrom we find that in 1879 R. B. Johnson owned
the lands in controversy, and was a member of the
partnership of Grant & Johnson. On the twenty-
second day of June, 1882, R. B. Johnson conveyed the

Dows & Co. v. Dale.

lands to George Johnson. On the twenty-sixth day of said month the plaintiffs caused the lands to be attached to secure an indebtedness due the plaintiffs from Grant & Johnson. A judgment was recovered in such action in 1884, the land sold and purchased by the plaintiffs, and in December, 1885, it was conveyed by the sheriff to the plaintiffs, and afterwards, in December, 1886, George Johnson conveyed by quit-claim deed all his right, title and interest in such land to the plaintiffs. In 1880 and 1881 a personal property tax was assessed and levied against said partnership, and the land in question was sold in 1887 for delinquent taxes levied thereon in 1885, and also for said personal taxes levied in 1880 and 1881 against Grant & Johnson. Said taxes on personal property ."were never carried forward, and do not appear on any subsequent tax-list of said county, against or opposite the lands in controversy, nor against R. B. Johnson," except that the treasurer in 1882 made a "separate book, in which he entered the delinquent personal taxes which appeared in the tax duplicates for 1880 and 1881, which shows the name of the person so taxed and the amount thereof, and the page on which said taxes appeared on the tax-lists in his office." The plaintiffs, at the time they purchased the land in controversy, at "sheriff's sale, and from George Johnson, had no knowledge or notice of said personal taxes except the constructive notice arising from the record and entry of such taxes as hereinbefore stated." Such are the material facts.

II. The book prepared by the treasurer, in which he entered the delinquent personal property taxes, is one unknown to the law, and, therefore, it cannot be assumed that the plaintiffs' had any knowledge of such book, and they were not bound by its contents. It clearly appears that the personal property taxes were not carried forward as provided in Code, section 845, and, therefore, the sale for such taxes is invalid. *Cummings v. Easton*, 46 Iowa, 183 ; *Harwood v. Brownell*, 48 Iowa, 657 ; *Jiska v. Ringgold County*, 57 Iowa, 630.

The plaintiff has the right to redeem, upon payment of the taxes levied on the real estate, and the costs, penalties and interest as provided by law ; and, as the district court so held, the judgment must be

AFFIRMED.