JOS. M. BAILEY, Trustee, Appellee, v. JAMES CALLANAN et al., Appellants.

1. **Swamp Lands:** WHEN TITLE VESTS IN COUNTY: SUBSEQUENT GRANT TO RAILROAD. The title to a tract of land which was actually swamp, within the meaning of the act of congress granting such lands to the state, passed to the county in which it was situated immedi-

ately upon the taking effect of the act of the. general assembly of 1853, granting such lands to the several counties; and the subsequent grant of such land to a railroad company was void. The fact that the land was never selected as swamp by any officers of the county, state or federal government, and that the grant was never formally accepted by the county, are immaterial; for no selection or designation of the land as swamp was necessary to the passage of the title, and an acceptance by the county will be presumed.

2. ——: CONFLICTING GRANT TO RAILROAD: ESTOPPEL. The holder of a recorded swamp land title to land which was actually swamp is not estopped to assert it, as against the holder of a title under a subsequent grant to a railroad company, by reason of the fact that the land was never selected as swamp by any officer charged with that duty, nor for the reason that the holders of· the railroad title have for a long time paid taxes upon it; it not appearing that they were misled to their prejudice by any act or omission of the holders of the swamp title.

*Appeal from Kossuth District Court.*—Hon. George H. Carr, Judge.

Friday, January 20, 1893.

Action in equity to quiet in the plaintiff the title to certain real estate. A demurrer to the petition having been filed and overruled, the defendants refused to further plead, and a decree was rendered in favor of the plaintiff. The defendants appeal.—*Reversed.*

*J. J. Davis,* for appellants.

*Geo. E. Clarke,* for appellee.

Robinson, C. J.—The material facts stated in the petition are as follows: The plaintiff claims title to a tract of land situated in Kossuth county, which contains forty acres, by virtue of a contract of purchase made with the Chicago, Milwaukee & St. Paul Railway Company in April, 1886. That company claims title by virtue of a deed to it from the McGregor & Missouri River Railway Company, executed on the twentieth day of December, 1880; a patent to that company from the

state of Iowa, dated April 8, 1871; a grant by act of congress to the state of Iowa for the benefit of that company, and a certification by the secretary of the interior. The defendants claim title by virtue of a deed to them from the American Emigrant Company, dated August 8, 1888; a contract to that company from Kossuth county, dated in the year 1862; the act of congress approved September 28, 1850, granting to certain states, including Iowa, the swamp lands within their limits; an act of the general assembly of this state, granting to the counties in which they were situated the swamp lands granted to the state by the act of congress, and other acts in regard to swamp lands. The land in question is in an odd-numbered section within the indemnity limits of the grant to the state for the benefit of the McGregor & Missouri River Railway Company, but it is actually swamp, within the meaning of the act of congress specified, and is now, and always has been, wild and unimproved. It has never been selected as swamp, however, by any officers of the county, state or general government, although, in the year 1858, Kossuth county selected about eighty-four thousand acres of land as swamp. The plaintiff and his grantors have paid the taxes on the land since 1871, and the plaintiff claims that, by reason of that fact, and the failure of the proper officers to select and claim the land as swamp, the defendants are estopped to assert title to it. The chief ground of the demurrer is that the facts stated do not entitle the plaintiff to the relief demanded.

I. It has been settled by repeated adjudications that the swamp land grant is a grant *in præsenti,* and that no formal conveyance was required to vest the title to the lands contemplated by the act in the grantees, and the act of the general assembly of 1853 operated in the same manner to vest the title to such lands in the

**1. Swamp lands: when title vests in county: subsequent grant to railroad.**

respective counties in which they were situated. *American Emigrant Co. v. Fuller*, 83 Iowa, 599, 606, and cases therein cited. The title to the tract in controversy had, therefore, been vested in Kossuth county, and had been by it conveyed to the American Emigrant Company in 1862, or about two years before the grant under which the plaintiff claims was made to the state. It is said, however, that, although the grant was *in præsenti*, a selection of the lands as swamp by the proper officers was necessary, in order to pass title to the grantees. That question was considered in *Hays v. McCormick*, 83 Iowa, 89, where it was held that the transfer of the title did not depend upon a selection. In *C., R. I. & P. R'y Co. v. Brown*, 40 Iowa, 333, 336, it is said, in effect, that the act of the secretary of the interior in listing the swamp lands does not bring them within the grant, but only identifies them as being a part of it, and that a mistake of that officer, or of those charged with the duty of imparting to him information in regard to the land, would not defeat the grant. In *County of Buena Vista v. Iowa Falls & S. C. R'y Co.*, 46 Iowa, 226, 229, it was held that a county is not estopped by the acts of its officers in assessing land and levying thereon and collecting taxes to claim it as swamp. Under the rule of these cases, the omission of the proper officers to select and claim this land as swamp did not affect the right thereto of the county and its grantees. The terms of the grant to the counties did not require an acceptance on their part to give it force and effect. Moreover, an acceptance would be presumed in the absence of a showing to the contrary, as the grant was for the benefit of the counties. But an acceptance is in fact shown in this case. The grant to each county was an entirety, including all the swamp land therein which had been granted to the state; and the act of the county in selecting swamp lands, and in selling them, is evidence of an acceptance.

II.   It is said that the defendants are estopped to assert title for the reason that the land was never selected as swamp land by any officer charged with that duty, and for the further reason that the plaintiff and his grantors have paid the taxes on the land since the year 1871. As the vesting of title did not depend upon an official selection of the land as swamp, it follows that the failure to make such a selection furnishes no ground for an estoppel.   The petition does not show that the plaintiff or his grantors, in attempting to acquire title to the land, and in paying taxes thereon, relied upon any act or omission for which the defendants or the American Emigrant Company were responsible.   Nor does it show that the true character of the land and the claim thereto made by the grantees of the county were at any time unknown to the plaintiff and his grantor.   The true character of the land would have been readily ascertained by inspection, and the records of the county showed that the county had sold all its swamp lands to the American Emigrant Company.   The facts pleaded do not show an estoppel.   The demurrer should have been sustained.

The decree of the district court is REVERSED.