JOHN L. NICODEMUS, Appellant, v. SAMUEL YOUNG *et al.*

**Redemption from Tax Sale: Offer to Repay Taxes.** A pleading offering to pay all taxes due which are not barred by the statute of limitations, is sufficient though it aver that all the taxes paid by plaintiff more than five years before suit was begun are barred. (2)

**Same: Abatement by Transfer.** The fact that pending decree to repay taxes into court there is a transfer of the land by defendant, and that the grantee pays in the money, will not necessarily entitle plaintiff to relief in this court. Code, section 2561. (5)

| 90 | 423 |
| 110 | 525 |
| 90 | 423 |
| 112 | 331 |
| 90 | 423 |
| 119 | 287 |
| 90 | 423 |
| 142 | 167 |

**Same: Variance in Initials.** A variance in the middle initial of the grantee does not render the deed incompetent where his identity is established.  (1)

**Same: BURDEN OF PROOF.** One who produces a deed need not show that grantee was single and that the land was not a homestead.  (1)

**Failure to Pay Taxes on Wild Land.** Failure to pay taxes on unimproved and uninclosed land does not necessarily defeat the right to redeem from the holder of an invalid tax title.  *Mathews v. Culbertson,* 83 Iowa, 440, *distinguished.*  (3)

**Deed: Subsequently Acquired Title.** Where grantor, by warranty deed, subsequently acquires title, it inures to his grantee.  (1)

**Statute of Limitations must be Pleaded.** A denial that a tax sale was irregular does not authorize proof of the existence of possession for five years which bars the action under Code, section 902.  (3)

**Entering Delinquent Tax on List.** Where there is a sale had for the tax of 1877 and the delinquent taxes for prior years are not entered on the tax list for 1877, the sale is invalid.  (3)

*Appeal from Clay District Court.*—HON. LOT THOMAS, Judge.

WEDNESDAY, FEBRUARY 7, 1894.

ACTION in equity to quiet the title to certain real estate. There was a hearing on the merits, and a decree in favor of the defendant, Samuel Young. The plaintiff appeals.—*Affirmed.*

*Cory & Bemis* for appellant.

*Parker & Richardson* for appellee.

ROBINSON, J.—This action was commenced in December, 1889, to quiet, in plaintiff, the title to the east half of the northeast quarter of section 18, in township 97 north, of range 35 west, in Clay county, which he claims to own by virtue of a tax deed. The defendant, Young, claims to be the owner of the title through conveyances from the general government. The district court adjudged the tax deed to be void, and that, upon the payment into court by Young of

two hundred and eighty dollars and seventy cents
within forty days from the filing of the decree, the
title in fee simple should be quieted and established in
him as against the plaintiff.  The decree further pro-
vides that, if payment was not made by the defendant
as required, then the title in fee simple should be
quieted and established in the plaintiff as against the
defendant.  The amount required by the decree was
paid into court within the time given for that purpose.
The tax deed through which plaintiff claims was
recorded in February, 1881, and was executed pursuant
to a sale made on the fifth day of December, 1877, for
delinquent taxes of the years 1873 to 1876, inclusive.
The deed was given to A. W. Miller, who, in Decem-
ber, 1884, executed to the plaintiff a special warranty
deed for the land.  The answer of defendant alleges
that the tax deed is void for the following reasons:
*First.*  That, when the sale was made, the law of the
state then in force required that the tax list of the
county for the year 1877 should be in the hands of the
treasurer on the first day of December, and that the
list for that year was in fact in the hands of the treas-
urer of Clay county on that date, but that, when the
sale was made, ths taxes of the year 1876 and prior
years, for which the land was sold, had not been
entered on the list of 1877.  *Second.*  That notice of
the expiration of the right of redemption was not served
upon the person who was in possession of the land
at the end of two years and nine months from the date
of the sale.  The answer further avers that the defend-
ant has paid all the taxes due upon the land, and that
he is ready and willing to pay all taxes which may be
found to be lawfully due the plaintiff, but avers that all
the taxes paid by the latter more than five years before
the commencement of this action are barred by the
statute of limitations.

I.   The appellant contends that the defendant
has failed to show an interest in the land which entitles
him to question the tax deed.   Section 897 of the Code
contains the following:   "*   *   *   No person shall be
permitted to question the title acquired by a treasurer's
deed without first showing that he or the person under
whom he claims title had title to the property at the
time of the sale, or that the title was obtained from the
United States or this state after the sale, and that all
taxes due upon the property have been paid by such
person, or the person under whom he claims title as
aforesaid."   The land in question was a part of the
swamp land grant acquired by the state by virtue of
the act of congress entitled "An act to enable the state
of Arkansas and other states to reclaim the swamp
lands within their limits," approved September 28,
1850.   The act operated as a grant *in præsenti*, and
vested the title to the land, within its provisions, in
the state where the land was situated.   In like man-
ner the act of the general assembly of this state entitled
"An act to dispose of the swamp and overflowed lands
within the state and to pay the expenses of selecting
and surveying the same," which took effect February
2, 1853, operated to vest in the respective counties
where the land was located the title thereto acquired
by the state.   *Emigrant Co. v. Fuller*, 83 Iowa, 601,
50 N. W. Rep. 48; *Bailey v. Callanan*, 87 Iowa, 107, 53
N. W. Rep. 1074.   In August, 1861, a deed for the land
was executed in the name of Clay county to Charles C.
Smeltzer.   On the first day of January, 1864, Smeltzer
executed a warranty deed for the land to E. J. Court-
right.   The patent was not issued by the state to the
county until the twentieth day of April, 1863, and in
September, 1865, a second conveyance was executed, in
the name of the county, to Smeltzer.   On the twenty-
fifth day of August, 1866, Courtright executed a quit-
claim deed for the land to the defendant, Young.   The

plaintiff objected to the introduction in evidence of the
first deed to Smeltzer, on the ground that it was not
shown to have been executed by due authority, and that
it was given before the title to the land was perfected
in the state. It is not necessary to determine the suffi-
ciency of these objections, for the reason that the
second deed from the county to Smeltzer was given
after the state and county had acquired title to the
land, and it was introduced in evidence without objec-
tion. It was in the name of the county, and was
executed by the president or chairman of the board of
supervisors, and was attested by the clerk of the board
by its order;

Under these circumstances the deed was properly
received in evidence. 1 Devl. Deeds, section 348.
See, also, *Jamison v. Fopiana*, 43 Mo. 566. As the deed
from Smeltzer to Courtright purports to convey the
title in fee simple with covenants of warranty, the title
acquired by Smeltzer through the second deed to him
inured to the benefit of Courtright. Revision, 1860,
section 2210; Code, section 1931. The name of the
grantor in the body of the deed of Courtright to Young
is given as Erastus J. Courtright, but the signature
appears to be that of Erastus I. Courtright. Much is said
in argument in regard to the effect of this apparent
variance, and it is insisted by appellant that there is no
competent evidence that the grantee of Smeltzer is the
grantor of Young. Both Erastus J. Courtright and
Young testify in the case, and show that the former
sold the land to the latter, and executed to him the
deed in question. That testimony and the deed were
competent as tending to prove the averment of the
answer that Young was the owner in fee simple of the
land, and it was not necessary to plead that E. J. Court-
right is the same person as Erastus I. Courtright. 1
Devl. Deeds, section 188. An abstract of title which
follows the petition, and which we assume was attached

to it, states that the deed to Young was made in August, 1861, and that Smeltzer executed to one Jacob Kirchner a warranty deed for the land in March, 1864. It is argued from that showing that the first deed from Smeltzer conveyed no title, for the reason that the title had not then been perfected in the state; that, as the conveyance to Young was by a quitclaim deed, he acquired nothing by it; and that the title is vested in Kirchner. That theory ignores the fact that the deed to Courtright was executed and recorded before the deed to Kirchner was given, and that any interest afterward acquired by Smeltzer would vest in Courtright. The date of the deed to Young, as given in the abstract of title, is evidently not correct, however, as the evidence shows that it was not given until the year 1866. The appellant urges, as a further objection to the title of Young, that the Smeltzer deed was not signed by his wife; that the land may have been Smeltzer's homestead, and, if it was, his deed was void. Counsel have not referred us to any authority which would cast upon the defendant the burden of showing that Smeltzer was not married, or, if he was, that the land was not his homestead when he executed the deed to Courtright, and we know of no rule of law which authorizes the presumption that Smeltzer had a wife and occupied the land as a homestead at that time. We conclude that the evidence shows that Young is the owner of the land, if his title has not been divested by the tax deed.

II. The appellant further insists that defendant can not question the tax deed, for the reason that he has not paid all taxes due upon the land. It is shown that all taxes levied on it for the years 1877 to 1890, inclusive, have been paid by A. W. Miller, and we must presume that all the taxes due prior to the tax sale have been paid; therefore, it appears that there were no taxes due when this cause was tried by the district court. *Adams v. Burdick,* 68 Iowa, 668, 27 N. W. Rep. 911; *Taylor*

*v. Ormsby*, 66 Iowa, 111, 23 N. W. Rep. 288. The defendant avers in his answer that he is ready and willing to pay all taxes that may be lawfully due upon the land, which are not barred by the statute of limitations. It is true, he also alleges, that all taxes paid by the plaintiff more than five years prior to the commencement of this action are barred by that statute; but we think a fair construction to be placed upon the pleading is that it tenders repayment of all taxes for which plaintiff is entitled to recover in case the defendant is allowed to redeem, and that is sufficient. *Taylor v. Ormsby, supra.*

III. It is agreed that the tax list for 1877 was placed in the hands of the treasurer on the twenty-second day of November of that year, but none of the delinquent taxes for the years 1874, 1875, and 1876 were ever entered in it. That omission rendered the sale invalid. Code, section 845; *Dows v. Dale*, 74 Iowa, 109, 37 N. W. Rep. 1; *Barke v. Early*, 72 Iowa, 274, 33 N. W. Rep. 677; *Gardner v. Early*, 69 Iowa, 43, 28 N. W. Rep. 427. But section 902 of the Code provides that "no action for the recovery of real property sold for the nonpayment of taxes shall lie unless the same be brought within five years after the treasurer's deed is executed and recorded." More than eight years intervened between the recording of the tax deed in controversy and the commencement of this action, and it is urged by the plaintiff that it is barred by the statute. In *Griffin v. Bruce*, 73 Iowa, 126, 34 N. W. Rep. 773, it was held that the omission of the treasurer to comply with the provisions of section 845 was a mere irregularity, of which advantage must be taken within five years after the recording of the tax deed, to avoid the bar of section 902. But it is contended by defendant that plaintiff is not entitled to rely upon the bar of the statute, because he did not plead it. It is the general rule that a party relying upon the statute of limitations must plead it in order

to secure its benefits. *Welch v. McGrath,* 59 Iowa, 527, 10 N. W. Rep. 810, and 13 N. W. Rep. 638; *Brush v. Peterson,* 54 Iowa, 245, 6 N. W. Rep. 287; *Robinson v. Allen,* 37 Iowa, 28; *Harlin v. Stevenson,* 30 Iowa, 375. It is said, however, that it was not necessary to plead the statute in the reply in order to make it available, for the reason that the petition alleges that the plaintiff is the absolute and unqualified owner of the land; that such a title may be based upon the statute of limitations; and that under the issues raised by the petition and answer, and the denial of the answer, which is made by implication of law, evidence to show title so based is competent. But the abstract of title attached to the petition shows that the title upon which the alleged ownership of plaintiff depends is grounded upon a tax deed. The answer pleads specifically that the deed is invalid because the delinquent taxes for which the land was sold had not been entered in the tax list of 1877, which was in the hands of the treasurer when the sale was made. The denial made by the law was of that averment. The statute of limitations was in the nature of an affirmative defense to the defects in the tax title alleged in the answer, and should have been pleaded in a reply to be effective. The claim made by appellant, that the action was tried as though a reply had been filed, is not, we think, sustained by the record. It is said that the negligence of defendant in failing to pay taxes has been so great that relief should be denied him; but the land is unimproved and unoccupied, and while the omission of defendant to discharge his duty by paying taxes when due should weigh against him, yet we do not think it should defeat his claim to relief. The case is in many respects unlike that of *Mathews v. Culbertson,* 83 Iowa, 440, 50 N. W. Rep. 201, and other cases relied upon by appellant. We conclude that the tax deed must be held to be invalid,

and that defendant is entitled to redeem from the sale on which it is based.

IV. The appellant filed in the district court a motion to retax the costs, based on the ground that defendant had not tendered the payment of taxes. The court sustained the motion to the extent of taxing thirty-seven dollars, thirty-two and one half cents of the costs to defendant. The remainder, amounting to forty-three dollars, eighty-seven and one half cents, were taxed to the plaintiff. We think that action is sustained by the record.

V. The appellant contends that the appellee has not paid into court the amount required by the decree, in order to have his title established as against the appellant. If that is true, we fail to discover any reason for the appeal of the latter. But the record shows that the required amount was received by the clerk—"of Samuel Young by Parker & Richardson"— within the time fixed by the decree. The claim of appellant in regard to this matter is based upon a statement in an amendment to his abstract, to the effect that defendant has sold the land in controversy to Parker & Richardson since the decree of the district court was rendered, and that the payment was really made by them for their own benefit. The statement is not sustained by the record, but, if true, would not necessarily entitle the plaintiff to relief in this court. Code, section 2561.

VI. Complaint is made of an additional abstract filed by appellee, on the ground that it was unnecessary, and it is asked that the cost thereof be taxed to him. We find that it contains portions of the record omitted from the abstract, or not fully abstracted, which were material to a determination of the action on its merits, and the application to tax its cost to appellee will be denied. The conclusions announced

dispose of all questions in the case which it is necessary to determine. The decree of the district court is sustained by the record, and is AFFIRMED.