JAMES C. YOUNG, S. M. GOODHUE v. IOWA TOILERS PRO-
TECTIVE ASSOCIATION, et al., Appellants.

**Tax Title:** PURCHASER: *Agency.* An agent who has in his posses-
sion money of his principal wherewith to pay taxes on property
owned by the former cannot through his neglect to do so obtain a
valid tax title as against the principal, neither can such title be
acquired by a purchaser who buys at a tax sale, through such
agent.

SAME. Where a purchaser at foreclosure sale gives an agent money
to pay the taxes on the premises, which he neglects to do, a valid
tax title against said principal cannot rest on the facts, that a
creditor of the agent furnished him money to bid in the land at
tax sale, that he did so, that he assigned the certificate to his cred-
itor as security and that said creditor quit-claimed to an associa-
tion of which said agent was an officer, taking back a mortgage
which was simply a change of security.

**Tax Deed:** PRESUMPTIONS. The fact that a tax deed was issued is
*prima facie* evidence that notice of the expiration of the period of
redemption was given and the presumption is not overcome
although the notice of service by publication is defective when it
is not shown that the owner was a non-resident or that no other
notice was served.

**Appeal:** COSTS: *Re-taxation below.* A party failing to move for a re-
taxation of costs in the trial court cannot complain of the taxa-
tion of costs, on appeal

*Appeal from Linn District Court.*—HON. GEORGE W. BURN-
HAM, Judge.

WEDNESDAY, OCTOBER 19, 1898.

SUIT in equity to set aside a tax deed held by defendant
Goodhue to a certain lot in the city of Cedar Rapids; to recover
possession of the property; and the rent received for the use
thereof. Decree for plaintiff, and defendants appeal.—
*Affirmed.*

*J. W. Jamison* for appellants.

*Rickel & Crocker* for appellee.

DEEMER, C. J.—On and prior to May 14, 1883, Agnes Field held the legal title to the property in dispute. On the twenty-second day of May, 1888, she executed a mortgage on the same to the Western Mortgage Company. This mortgage was assigned to Clara A. McCooke on June 6, 1888. Thereafter the mortgage was foreclosed, and plaintiff obtained a sheriff's deed to the property under this foreclosure on the twenty-eighth day of November, 1892. The property was sold for taxes in October of the year 1888, and we find the following indorsement on the back of the certificate: "This property was bid off by the Union Investment Company, and the certificate made out on the bid, and the said company failed to pay the money and take the same from treasurer; whereupon S. N. Goodhue paid the money, and took up the same as his own, and since that time has been the owner and lawful holder of this certificate. Union Invest. Company, by Geo. W. Wilson, Secretary." On the eighteenth day of December, 1891, a tax deed issued to S. N. Goodhue for the property in controversy. George W. Wilson, who was manager of the Union Investment Company, a corporation doing business in the city of Cedar Rapids, conducted all the business relating to the tax sale and deed. On March 14, 1892, Goodhue quitclaimed the property to the Iowa Toilers' Protective Association, another corporation of which Wilson was the manager. This corporation at the same time made a mortgage back to Goodhue for a part or all of what was called the purchase price. Plaintiff claims that the tax deed was issued upon an insufficient notice of the time of redemption; that Wilson was at the time of the tax sale the agent of the Western Mortgage Company, mortgagee, and of the Union Investment Company, the original purchaser at tax sale; and that he had in his possession the money with which to pay the taxes

upon the property; that, instead of paying the taxes, he fraudulently procured the issuance of the certificate to Goodhue,. and finally secured the title to the property by quitclaim deed. Plaintiff further alleges that Wilson was the agent of McCooke, the assignee of the mortgage, and as such could not procure a title to the property; that Goodhue had knowledge of this agency at the time he took the certificate; and that the sale and deed are void. He further claims that Wilson had no authority from the Union Investment Company to assign the tax-sale certificate. Certain claims for rents and profits are also made. Defendants deny all allegations of fraud and want of notice, plead a counterclaim for repairs and taxes paid, and the defendant Goodhue asks the foreclosure of his mortgage against the Iowa Toilers' Protective Association. The trial court found that the tax deed and all conveyances and incumbrances subsequent thereto were void, quieted the title to the property in plaintiff, and ordered that a writ of possession issue against defendants. The appeal is from this decree.

While there is a decided conflict in the evidence, we are satisfied that J. C. Young, who was president of the Western Mortgage Company, had an arrangement with Wilson, as manager of the Union Investment Company, by which Wilson was to pay the taxes upon all property on which the Western Mortgage Company had taken mortgages, and that Wilson or the investment company had money in their possession, belonging to the mortgage company, with which to pay the taxes upon the lot in question, at the time it was sold. This being true, neither Wilson nor his company could procure a tax title which would be of any validity as against Young. *Ellsworth v. Cordrey,* 63 Iowa, 675. It is said, however, that Goodhue furnished the money and took the certificate in his own name, and that, whatever the arrangement between Young and Wilson, he is not bound by it, and the tax deed should be sustained. While it is no doubt true that Goodhue furnished the money with which to purchase the lot at tax sale, yet we are satisfied it was

a loan to Wilson, and that the tax certificate was assigned, as we have heretofore stated, as collateral security for the loan so made, as well as for other money theretofore advanced to Wilson. In these transactions Goodhue was acting for the First National Bank, of which he was cashier, and there is no evidence from which it can be ascertained whether or not these loans have been paid. Goodhue indorsed the notes, and he says the bank has never come back on him for the amount. Again, he says: "I think these are either paid or renewed within a year." If it be true, however, as defendants claim, that Goodhue was the purchaser of the property at tax sale, they are in no better position, for the reason that Wilson acted as Goodhue's agent in the purchase of property, and his knowledge of the situation should be imputed to Goodhue. Having knowledge of the arrangement between Young and Wilson, and the fact that Wilson had the money with which to pay the taxes, Goodhue could not take title to the premises through a tax sale, and thus defeat Young, who was Wilson's principal. In neither event could Goodhue procure such a title as would defeat Young. If Goodhue received the certificate as collateral security for a loan made to Wilson, he is to be charged with notice of all infirmities existing therein. *Light v. West,* 42 Iowa, 138; *Watson v. Phelps,* 40 Iowa, 482. And as Goodhue had notice, through Wilson, of the agreement to pay the taxes, he cannot take a title which will be free from equities. The Iowa Toilers' Protective Association acquired its title by a quitclaim deed, and it also appears that Wilson is the manager of this corporation, and it is not entitled to protection as an innocent purchaser from Goodhue. We are constrained to believe that Goodhue held the certificate and the title acquired thereunder as collateral security; that the making of the quitclaim deed to the Iowa Toilers' Protective Association, and the taking of the mortgage back, was simply a change of security, and that Wilson, as manager of the investment company and of the protective association, has at all times been the real claimant of the property. If this be true, then it is clear that the tax deed should be canceled,

and plaintiff given possession of the property. The protective association has had possession of the land since it received its deed, in March, 1892, and has received the rents and profits thereof, amounting to at least one hundred and twenty-five dollars. It has also made some repairs upon the property, and has paid subsequent taxes thereon. The exact cost of these repairs we are unable to estimate, but are of opinion that the correct amount, added to the taxes paid, will not overbalance the rent account, and that the trial court was right in offsetting òne account against the other.

II.    It is not important that we pass upon the sufficiency of the notice of expiration of the period of redemption. The fact that a deed was issued is *prima facie* evidence that notice was given. The notice which appears in the record as having been served upon the owner of the land was served by publication. This notice is defective in several particulars, but there is no showing that the owner was a non-resident, that she was not personally served with notice, or that the notice by publication is the only one of record in the treasurer's office. It would seem that the presumption of due notice has not been overcome.

The defendants other than Goodhue and the Iowa Toilers' Protective Association complain of the taxation of costs against them. As they made no motion to re-tax in the trial court, they are not entitled to relief here. *Snell v. Railway Co.,* 88 Iowa, 442, and cases cited. The decree is right and it is AFFIRMED.