W. F. GRANDY, Plaintiff, Appellee, v. ANGELINE H. ADAMS, Administratrix, et al., Defendants, Appellants; JENSEN & KRAGE et al., Defendants, Appellees.

No. 42674.

OCTOBER 16, 1934.

REHEARING DENIED FEBRUARY 14, 1935.

F. W. Lohr, for appellants.

Milchrist, Schmidt, Marshall & Jepson, H. C. Harper, and Franklin E. Gill, and Donnelly, Lynch, Anderson & Lynch, for appellees.

ANDERSON, J.— This is an action in equity brought by W. F. Grandy, as plaintiff, to quiet title to certain real estate in Sioux City, Woodbury county, Iowa, based upon a tax deed. Plaintiff's petition is in the regular form alleging that he is the owner of the real estate described under a tax deed issued by the treasurer of Woodbury county in January, 1933, and that the defendants named, the title holders, and certain others, claim some lien upon or interest in the described real estate adverse to the title of plaintiff and asks that plaintiff's title be quieted. The defendants other than the title holders made no defense. The title holders filed answer generally denying the plaintiff's petition and alleging the invalidity of the tax sale and the deed issued thereon, and offering to pay to the person or persons entitled thereto such taxes as are included in the tax sale and such that were subsequently paid under the tax certificate if adjudged legal and valid liens against the real estate. The issues were submitted to the court and the court found by its decree that plaintiff's title should be quieted as against all defendants other than the named title holders. The court further found and decreed that the plaintiff purchased the real estate involved at an adjourned tax sale and that the amount paid by the certificate holder, including subsequent taxes, was $160.52. The court further decreed that upon payment of that amount by the defendants-title holders the tax deed should be set aside and the title quieted in the title holder defendants, but only upon the condition that the defendants pay into court for the use and benefit of plaintiff the said sum so found due with interest at 6 per cent from January 8, 1933, within ninety days from the date of the decree, and that upon pay-

ment of the said sum within said time final decree should be entered quieting title in the defendants, and that in default of such payment title should be quieted in the plaintiff as against the defendants. The defendants did not pay the amount so found due, and perfected this appeal to this court.

The only questions involved are: (a) Whether the trial court was justified in finding that the plaintiff was entitled to the repayment of the amount found due as taxes and interest having been paid by the certificate holder, and (b) whether the court was correct in requiring the appellants to pay into court the amount of such taxes within ninety days as a condition of having their title quieted as against the tax sale purchaser.

Some other questions are injected into the record by the appellants, but we do not deem it necessary to determine other than the questions above noted. Among the questions so raised by the appellants are that the delinquent taxes not brought forward on the tax list for the succeeding year ceased to be a lien and that a sale for such delinquent taxes is invalid. Another of such questions is that notice of expiration of the time for redemption must be served upon the party in possession, and, having not been so served, the tax deed is void and the right of redemption still exists. These questions, however, were determined by the trial court adversely to the plaintiff and no appeal therefrom was taken.

Section 7290 of the 1931 Code provides:

"No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title."

It has been held that under this section a person contesting a tax sale and deed must, as a condition precedent, show that he has paid all taxes or he must tender such payment. Barke v. Early, 72 Iowa 273, 33 N. W. 677; Nicodemus v. Young, 90 Iowa 423, 57 N. W. 906; Hintrager v. McElhinny, 112 Iowa 325, 82 N. W. 1008, 83 N. W. 1063.

In Nicodemus v. Young, supra, a decree was entered substantially in the form of the decree entered by the court in the

present case except that the time within which the payment of taxes should be made was limited to forty days. The appellants complain that this form of decree was not warranted and that the decree should be in the form as indicated in the case of Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868. In that case a finding by the trial court that a tax deed was valid was reversed and the case was remanded with instructions to ascertain the amount due the tax deed holder, indicating that the amount so found due should be a lien upon the real estate and in default of payment that a special execution issue for the purpose of making the amount due. We do not think that such form of decree is warranted under the statute, section 7290, nor under prior decisions of this court, and that part of the opinion suggesting or directing the form of decree is overruled. The defendants here offered to pay all taxes legally due as a condition upon which they sought relief, and, as said in Barke v. Early, supra, "Equity will not now hear him deny its right to require him to pay according to his offer." The statute requires that the defendants must discharge their equitable obligations before they can question the validity of a tax deed and obtain a decree quieting title. In Buckley v. Early, 72 Iowa 289, 33 N. W. 769, this court cited the case of Barke v. Early, supra, and said:

"We held that the tax title was invalid, and that the holder thereof was entitled to recover the taxes paid by him, and interest, costs and penalties, as in case of redemption from the tax sale."

The decree in the instant case conforms to such pronouncement and we are constrained to hold such decree is in proper form and within the equity powers of the court.

The appellants do not offer any evidence showing that the amount of taxes paid by the certificate holder were not legal and do not dispute the amount except to complain that the evidence upon which the court made the finding as to the amount due was not competent and the best evidence. The county treasurer or deputy was called as a witness by the defendants and produced certain books and records of his office. In cross-examination he was permitted to testify as to the amount of the tax sale and as to the amounts of subsequent taxes and the payment thereof as shown by such records. The trial court was satisfied with such proof and apparently arrived at the correct amount due from the defendants to the tax certificate holders. With this finding we are satisfied. As we have

said, the defendants offered no evidence controverting the amounts paid and only raised the question as to the competency or quantum of the proof thereof. We think there is no merit in such contention.

Appellants also complain as to that part of the decree which quiets title in the plaintiff as against other defendants. There is nothing in the record showing the claimed interest or liens of any of the defendants other than the title holders. No defense was made by any of them. The appellants ask that they be granted the same relief and protection against the other defendants as is the plaintiff. This the court could not do. No issue was joined as between the defendant title holders and the other defendants named. If the defendants other than the title holders have liens upon the real estate in question, they may be able to assert them as against the title holders in the event the title holders perform the condition of the decree and make redemption from the tax sale. However, such question is not before us. It is our holding that the trial court properly exercised its equity powers in entering the decree in this case and that there is no authority or warrant under the statute or our decisions that the amount found due should be collected only on a special execution which would necessarily extend the right of redemption for a year after the sheriff's sale. It follows that the judgment and decree of the trial court is correct and should be affirmed.—Affirmed.

MITCHELL, C. J., and STEVENS, ALBERT, CLAUSSEN, and KINTZINGER, JJ., concur.