W. W. HALL, Appellee, v. MAGGIE WALLACE, Appellant.

No. 45298.

OCTOBER 15, 1940.

Jepson, Hatfield & Jepson, for appellee.

Bennett, Shoup & Nickle, for appellant.

SAGER, J.—The property involved is described as lots 11 and 12 in block 30, C. B. Rustin & Company Addition to Sioux City, Iowa. The title passed to plaintiff by two deeds which are identical in terms except as to the amounts tendered and paid by two holders of special assessment certificates through whose assignments of their rights, appellant claims. Prior to the issuance of the tax deeds under consideration defendant was the owner

of the property. She failed to pay the taxes for the years 1929 to 1932, inclusive, and on August 5, 1934, the property was sold at scavenger sale to her husband, James Wallace. Thereafter Wilson, holder of one of the special assessment certificates tendered the amount of Wallace's bid and paid the amount to the auditor who retained the money at the time of the trial. Later the certificate holder assigned the rights acquired by this tender to plaintiff-appellee. The evidence of the tender with assignment endorsed thereon is as follows, as shown by the county records:

"The Auditor of Woodbury County, Iowa, does hereby certify that Geo. B. Wilson, the holder of certain Special Assessment Certificates, has this day paid to the County Auditor the amount named below and demands an assignment of the Tax Sale Certificates in accordance with Section 6041, Code of Iowa, 1931."

(Here follows a description of the property with the name of the purchaser, Jas. Wallace, with the amount tendered, $3.42.) The record continues:

"Witness my hand and seal of said County, this 11th day of August, A. D. 1937.
                    "HARVEY D. CARR, Auditor.
                    "By................, Deputy."
On reverse side:
                    "Sioux City, Iowa,
                    "Jan. 13, 1938.
"For value received, I hereby sell, assign, and set over all my right, title and interest to within Certificates of Tender to W. W. Hall.
                    "GEO. B. WILSON.
                    "By M. H. NELSON, Agent."

The tender by the owner of the special assessment certificate to the other lot was identical in form and substance, differing only as to the description of the lot, the name of the holder, and the amount of the tax.

Section 6041, 1939 Code, reads:

"Any holder of any special assessment certificate against a lot * * * payable in whole or in part out of a special assessment against any lot * * *, which lot or parcel of ground has been sold for taxes, either general or special, shall be entitled to an assignment of any certificate of tax sale of said property for any general taxes or special taxes thereon, upon tender to the holder or to the county auditor of the amount to which the holder of the tax sale certificate would be entitled in case of redemption."

Notwithstanding the tenders above noted, James Wallace did not assign either of the certificates, nor was he asked to do so. He held them at the time of the trial. Apparently the county treasurer, the certificate holders and plaintiff, their assignee, deemed the tender as sufficient and the treasurer in due time and after notice of the expiration of the redemption period issued deeds to appellee. The failure to compel defendant's husband to assign the certificates held by him, after the tenders above mentioned, is the principal ground upon which appellant bases her demand for a dismissal of plaintiff's petition.

The trial court found against defendant's contentions. It was right in so doing. Several reasons appear why this should be so. The tax deeds themselves were presumptive evidence of the many steps necessary to pass title, section 7287, Code, 1939; and they were conclusive as to other facts, section 7288, Code, 1939. To defeat the tax title defendant had also to meet the requirements of section 7289. She makes no claim that she complied with section 7290 which reads:

"No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he * * * had title to the property at the time of the sale * * * and that all taxes due upon the property have been paid by such person * * *."

Not only that, she made no tender of the taxes nor offer in her pleading to pay them. But defendant says that since plaintiff did not have an assignment of the certificates of tax sale at the time he took his deeds he was not entitled to receive them. She cites sections 7279, 7284 and 6041, Code, 1939, as making the *holders* of these certificates of purchase the only

persons who could take the steps necessary to ripen the sale into a tax deed.

We are not called upon to decide what the rights of the parties would be if the certificate had passed into other hands nor whether, before taking a tax title, the holder of an assignment under section 6041 *must* resort to an action of mandamus to compel the assignment of the prior certificate. We held in Inter-Ocean Reinsurance Co. v. Dickey, 222 Iowa 995, 270 N. W. 29, that this *might* be done. What we do hold is that these considerations sustain the decree of the trial court; the defendant failed to pay the taxes for four years, enabling her husband to buy the property in a tax sale; she neither tendered nor offered to repay the taxes as it was her duty to do. She should not now be permitted to urge the fact that her husband failed to assign the certificate of sale as he could have been compelled to do to defeat the defendant's title. What rights, if any, the defendant's husband has by reason of his possession of the certificate is not before us, but defendant has failed to sustain her claim that she still has the title and that plaintiff has none.

As another ground of complaint, defendant says that no sufficient notice of expiration of the period of redemption was served on her. The deeds recite that service *was* made and the affidavits on file in the treasurer's office attest it. This is presumptive evidence that notice was given. Knudson v. Litchfield, 87 Iowa 111, 54 N. W. 199; Young v. Iowa Toilers Protective Assn., 106 Iowa 447, 76 N. W. 822. Defendant did not testify in her own behalf and all she has to rely upon at this point is the word of her husband who testified that he was present and that personal service was not made on his wife. Tax deeds may not be so easily upset.

Appellant asserts that the relief granted by the decree of the trial court is not embraced in the issues and does not follow the prayer. We see no merit in this. The petition contained a prayer for general relief and it was within the power of the trial court to grant any relief warranted by the record before it.

Other complaints are made but what has gone before disposes of all that need to be noted. We have examined the authorities cited by appellant but because they announce only well

known principles, we do not burden the record with an analysis of them. To the point that the county treasurer was not authorized to issue deeds without an assignment of the certificates of purchase at the sale for general taxes, she cites, in addition to the Code sections already noticed, these cases, none of which pass upon the question before us: Inter-Ocean Reinsurance Co. v. Dickey, 222 Iowa 995, 270 N. W. 29; Grandy v. Adams, 219 Iowa 51, 256 N. W. 684; Hawkeye L. Ins. Co. v. Valley-D. M. Co., 220 Iowa 556, 260 N. W. 669, 105 A. L. R. 1018; Bennett v. Greenwalt, 226 Iowa 1113, 286 N. W. 722; and Fleck v. Duro, 227 Iowa 356, 288 N. W. 426. The other citations by her have to do with contentions which find no support in the record.

We are persuaded that the decree of the trial court was right and it should be and is affirmed.—Affirmed.

RICHARDS, C. J., and BLISS, HALE, HAMILTON, MITCHELL, MILLER, and STIGER, JJ., concur.