## Ackley v. Sexton.

1. **Tax deed: SALE EN MASSE.** A tax deed, embracing several distinct tracts of land which purport to have been sold in mass for a gross sum, is void upon its face.

2. **Evidence: RECORD OF INSTRUMENT.** The record copy of a deed, being secondary evidence, is inadmissible to prove the contents of the instrument, unless it is first shown, that the original is lost, or does not belong to, or is not under the control of, the party offering the record in evidence. The case of *Williams* v. *Heath*, 22 Iowa, 519, followed.

*Appeal from Dallas District Court.*

THURSDAY, APRIL 16.

TAX SALE AND DEED. PRIMARY AND SECONDARY EVIDENCE, ETC. — Petition in equity. Cause tried by the second method by the court.

Plaintiff is the fee simple owner, by a regular chain of title, of the forty acres of land in controversy. As such he brought this suit, alleging his ownership, and setting up, that the defendant claims title by virtue of a pretended tax sale made by the county treasurer, July 5, 1861, and a treasurer's tax deed thereunder, made March 2, 1865. Petition alleges various matters against the tax sale, such as illegal assessment and levy, want of advertisement, etc., etc. It alleges that the tax sale and deed are a cloud upon his title, and the prayer is, that they be declared void, and plaintiff's title quieted. Answer in denial; also claiming title under a tax sale (the validity of which is averred), made July 5, 1861, and tax deed made thereunder, July 21, 1866. This tax sale was made, as alleged both in the petition and answer, July 5, 1861, and this suit was not brought until July 25, 1866. Wherefore the defendant pleads the five years statute of lim-

itations provided by section 790, of the Revision. The court upon the evidence decided in favor of the defendant, and dismissed the petition. Plaintiff appeals. The other facts appear in the opinion.

*S. Sibley* for the appellant.

*J. R. Reed* for the appellee.

DILLON, Ch. J.— On the trial the plaintiff showed the regular or government title in himself. He also showed,
1. TAX DEED: sale *en masse.* that defendant had a tax deed for this land, made March 2, 1865, upon a sale made July 5, 1861, for the delinquent taxes for 1857, 1858, and 1859. This tax deed was void upon its face, because it embraced several distinct tracts of land, which purported to have been sold *en masse* for a gross sum. It was precisely such a deed as has been adjudged void on its face, by prior decisions of this court. *Boardman* v. *Bourne,* 20 Iowa, 134; *Ferguson* v. *Heath,* 21 id. 438; *Williams* v. *Heath,* 22 id. 519.

The defendant, however, did not claim title under the tax deed of March 2, 1865, but under a tax deed made
2. EVIDENCE: record of instrument. July 21, 1866, upon the said sale of July 5, 1861. To support this claim he offered in evidence the record of this last named deed, without showing by his own oath, or otherwise, that the original was lost, or did not belong to him, or was not within his control. The record of the deed was objected to on the ground, that it was secondary evidence, but the objection was overruled, and the plaintiff excepted. This secondary evidence (not the *original,* as the appellee's attorney maintains) was received.

That this was erroneous was expressly ruled in *Williams* v. *Heath* (22 Iowa, 519). As it was upon the

evidence thus introduced that the defendant succeeded, the judgment below must be reversed.

Whether the treasurer, having made one deed, can subsequently upon his own motion make another reciting differently the facts concerning the mode of sale; whether verbal evidence *aliunde* the deed and certificate of sale can be given, showing, in opposition to the legal effect of those instruments, that each parcel was separately exposed for sale, and separately sold; whether, if such evidence is competent, that which was introduced in this cause was sufficient to establish a separate sale of the parcel in controversy, are questions upon which, as well as upon the construction of section 790, as to the five years limitation, we deem it prudent, in view of the large interests involved, to withhold any expression of opinion, the more particularly, as some of these questions may not arise on the re-trial or not in the same shape, and as others were not very fully gone into by counsel, and respecting which the court are not at present entirely of one mind.

                                                    