HURLBURT v. DYER *et al.*

1. **Tax sale and deed:** SALE EN MASSE. A tax deed showing a sale of several tracts in a body is invalid.

2. ——MISRECITAL AS TO TIME OF SALE. That a tax deed recites the sale as having been made on the 26th of February, 1863, when in fact it was made on the 26th of January of that year, does not render the deed invalid.

*Appeal from Delaware District Court.*

TUESDAY, JUNE 4.

ACTION for the recovery of real property, the east one-third of lot 150 in Manchester. There was a trial to the court and judgment for defendants. The plaintiff appeals. The facts are stated in the opinion.

*Ray B. Griffin* and *George Watson* for the appellant.

*Chas. E. Bronson* for the appellees.

COLE, J. — I. On the trial, the plaintiff deduced title of record from the government by several mesne conveyances, down to himself. His ownership of such title is not controverted. The defendant Dyer claims title by virtue of a tax sale made January 26, 1863, for the delinquent taxes of 1861, to one Goodell, who assigned the certificate to the co-defendant, Jeffries, and to whom the following tax deeds were made, to wit: The first was made February 7, 1866, and recited the sale as having been made January 26, 1863, and that the property in controversy was sold, in a lump, with other property. The second was made February 16, 1869, and recited the sale as having been made *February* 26, 1863, and that the property in controversy was sold separate and for the taxes due thereon. The third was made July 4, 1871, and recited the sale as having been made January 26, 1863, and that the prop-

erty in controversy was sold separate and for the taxes due thereon. The defendant Jeffries, to whom the several deeds were made (he being the assignee of the certificate), conveyed the property to his co-defendant, Dyer, by quit-claim deed, May 9, 1870, and on the 24th of the same month, Dyer and wife executed a mortgage on the same property to Jeffries, for the purpose of securing the payment of the sum of $500. This action was brought December 17, 1870.

No question whatever is made as to the delinquency of the tax, nor as to the regularity of the proceedings up to and including the sale, certificate and assignment. But the first deed is assailed as being void, for that it shows on its face that the sale of the property in controversy was made in a lump with other property. The second is also assailed as being void, or insufficient to pass the title because it recites the sale as having been made on the 26th day of February, 1863, whereas it was, in fact, made on the 26th day of *January*, 1863. The third is claimed to be fraudulent and void, because it was made to Jeffries after he had sold the property and when he had no interest in it, and also because it was made after this suit was brought, and after the plaintiff had tendered the amount required to redeem the property from sale, which was done immediately before bringing this action.

The objection to the first deed is well taken and must be sustained upon the authority of *Boardman* v. *Bourne*, 20 Iowa, 134, and the numerous other cases following it. The objection to the second deed is not well taken, and the district court did not err in holding that the deed was sufficient to pass the title, and this, upon the authority of *Allen* v. *Armstrong*, 16 Iowa, 508, and the numerous other cases following it, including *McCready* v. *Sexton*, 29 id. 356. It will be remembered in this connection that no question is made but that the sale was duly and properly had on the 26th day of January, 1863. This being so, the bare mistaken recital in the deed, that it was made on the 26th day of February, 1863, will not operate to defeat the title, especially, since, for aught that appears, the sale might legally have been made on the

last-named day. It is, therefore, unnecessary to consider the objections to the third deed. The second deed having conveyed the title, that is sufficient.

II. Upon the trial, the plaintiff offered to prove that before bringing the action he had tendered $75 to the defendants, in redemption for the property in controversy, and that he had kept the tender good, by bringing the money into court; but the court rejected the evidence offered. If this was error, it was error without prejudice, since the plaintiff would not be entitled to recover even if it was so proved. The same may also be said respecting the refusal to substitute another person as plaintiff, who had purchased an interest in the property from the plaintiff, pending the litigation. Rev., § 2794.

Affirmed.