PITT'S SONS MANUF'G CO. v. BEED.

1. **Tax Deed: WHO MAY NOT QUESTION.** The plaintiff in this case sought to quiet his alleged patent title to the land in question as against defendant's tax title, on the ground that the tax title was void on account of a fraudulent combination among the bidders at the tax sale; but, as plaintiff failed to show that either it, or the persons under whom it claims title, had title to the land at the time of the tax sale, *held* that it could not question the validity of the tax title. (Code, § 897; *Varnum v. Shuler, ante,* 92.)

*Appeal from Franklin Circuit Court.*

·THURSDAY, OCTOBER 14.

ACTION in equity to quiet in plaintiff the title to eighty acres of land. The petition alleges that plaintiff is the absolute owner of the land, and that defendant makes some claim thereto adverse to plaintiff. The answer denies that plaintiff is the owner of the property, and sets up title thereto in defendant under a tax deed executed by the treasurer of Franklin county; and in a cross-petition defendant asked that his title under the tax deed be quieted. Plaintiff,

in reply, alleged that said tax deed was void for the reason that there was a fraudulent agreement among the bidders at the sale under which the deed was executed that they would not bid against each other, and that they would bid in turns, as the different tracts of land was offered, no two of them bidding on the same tract, and that the land in question was bid off in pursuance of this corrupt combination; and he prayed that the deed be canceled and set aside. The district court entered judgment in accordance with the prayer of the petition and reply. Defendant appealed.

*J. M. Hemingway*, for appellant.

*D. W. Henley*, for appellee.

REED, J.—Plaintiff introduced evidence which tends to prove the allegation in the reply, that there was a combination and agreement by the bidders at the tax sale not to bid against each other. They failed, however, to introduce any evidence which tends in any manner to prove that either they, or the person under whom they claim title, had title to the land at the time of sale. It is provided by section 897 of the Code, that " no person shall be permitted to question the title acquired by a treasurer's deed, without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale." Under this provision it is very clear that plaintiff is not entitled to recover under the proofs offered by them on the trial. See *Varnum v. Shuler, ante,* 92.

The judgment of the circuit court will be reversed, and the cause remanded, with directions to enter a judgment dismissing plaintiff's petition, and quieting in defendant the title to the property under the prayer to the cross-petition, or, at defendant's election, such judgment will be entered in this court.

REVERSED.