Slyfield v. Barnum et al.

---

SLYFIELD v. BARNUM ET AL.

CLARK v. THE SAME. ·

1. **Tax Sale and Deed**: NOTICE TO REDEEM TO WRONG PERSON: STATUTE OF LIMITATIONS.   Where the notice to redeem from a tax sale is directed to a person other than the one to whom the land is taxed, it is no notice at all, and does not cut off the right of redemption as against one who takes a tax deed under the sale; and in such case the period of limitation (Code, § 902,) does not begin to run from the date of the tax deed. (*Trulock v. Bentley*, 67 Iowa, 602, distinguished.)

2. ———: REDEMPTION: TERMS OF: FILING DUPLICATE TAX RECEIPTS. Section 889 of the Code, requiring one who pays taxes on lands purchased at tax sale to file a duplicate tax receipt with the county auditor, has nothing to do with the amount which the holder of the patent title must pay to redeem, when redemption is effected by a suit in equity; but in such case the redemptioner is required to pay the interest and penalty provided by § 890 of the Code on each installment of taxes which has been paid by the purchaser.

*Appeal from Palo Alto District Court.*

FRIDAY, MARCH 11.

THESE are actions to redeem lands from tax sales after treasurer's deeds had been executed to the purchasers.   The district court entered judgments denying to plaintiffs the right of redemption, and they appealed.

*A. F. Call* and *George E. Clark*, for appellants.

*Soper, Crawford & Carr*, for appellees.   .

REED, J.—The treasurer's deeds under which defendants

claim were executed more than five years before these suits

1. TAX sale
and deed:
notice to
redeem to
wrong per-
son: statute
of limitations.

were instituted.   No person was then in posses-
sion of either of the tracts, but that involved in
one of the cases was taxed for the year in which
the deed was executed to J. Graham, and that
involved in the other case to J. W. Van Myers.   After the
expiration of two years and nine months from the sales, the
owners of the certificates of purchase caused notices of the
expiration of the period for redemption to be published in a
newspaper, but the notice in each case was directed to C. C.
Smeltzer and the "unknown owners" of the land.   The only
evidence of the service of the notices which was on file in
the treasurer's office when the deeds were executed was the
affidavits of the publisher of the newspaper in which they
were published, showing the fact of the publications and the
dates thereof.   The first question which arises in the case is
whether plaintiffs' right of action is barred by the statute of
limitations.

We held in *Trulock v. Bentley*, 67 Iowa, 602, when the
notice required by the statute had in fact been given to the
person in whose name the land was taxed, but the proof of
the service of such notice on file when the deed was executed
was defective, that the period of limitation provided by sec-
tion 902 of the Code commenced to run from the date of the
execution and recording of the deed.   The ground of that
holding is that, as the notice required by the statute was in
fact given to the person who was entitled to redeem from the
sale, the deed was not void because of the defective or irreg-
ular manner in which the service of the notice had been
proven, but that this was a mere defect in the proceeding,
which could be taken advantage of only within the five years,
which is the period within which an action may be brought,
under the statute, for the recovery of the property.

But these cases do not come within that holding.   True,
the proof of the service of such notice as was given was
defective, but the notice itself was not directed to the per-

son who was required by the statute to be notified. Published notices directed to C, C. Smeltzer and the unknown owners of the lands were in no sense notices to J. Graham and J. W. Van Myers, the persons to whom the lands were taxed. It was not a case of defective proof of service of notice, but of no notice whatever. Now, the requirement of the statute, when the land is taxed to a particular person, is that the notice shall be served on that person. Code, § 894. Under that and the following section the power of the treasurer, in such cases, to execute a deed, is dependent on the giving of the notice. Unless the notice has been served on the person in whose name the land is taxed, he is not authorized to execute a deed. The deeds in question, then, were executed without authority. They are not absolutely void, it is true, for they operated to transfer the title to the lands to the grantees. But they did not have the effect to terminate the right of redemption, and the title conveyed by them was subject to be defeated by the exercise of that right; (*Bowers v. Hallock, ante* 218;) and, as long as a right to redeem the lands exists, there is no completed sale; and the settled rule is that until there is a completed sale the period of limitation presented by the statute does not begin to run. *Eldridge v. Kuehl,* 27 Iowa, 160; *Henderson v. Oliver,* 28 Id., 20; *McCready v. Sexton,* 29 Id., 356.

As we reach the conclusion that plaintiffs are entitled to redeem from the sales, a question arises as to the amount 2. ——: ——: they are required to pay in making the redemp-
redemption: tion. Defendants have paid the taxes on the
terms of; filing duplicate
tax receipts. lands for all of the years since the sale. For the taxes paid by them after the sale, and before the execution of the deeds, they filed duplicate receipts with the county auditor, as required by section 889 of the Code; but for the years subsequent to the execution of the deeds no such receipts were filed with the auditor. Plaintiff's contend that they should be permitted to redeem by paying the amount paid by defendants for the years for which the duplicate

receipts were filed, with the interest and penalties thereon provided by section 890, together with the amount of the taxes for the subsequent years, with six per cent interest. Section 889 provides that the purchaser, when he pays taxes on the property subsequent to the sale, shall receive from the treasurer two receipts therefor, one of which he shall present to the county auditor. It also provides that, if he neglects or fails to file such duplicate receipt with the auditor before redemption, the taxes shall not be a lien upon the land, and he shall not be entitled to recover the same of the owner of the property. The provisions of this section apply to cases in which redemption is made by paying the amount necessary therefor to the auditor. They amount simply to this: that, when the person entitled to redeem has paid to the auditor the amount necessary to effect a redemption, as shown by the duplicate receipts on file in the auditor's office, the redemption is complete, and no further claim can be asserted, either against him or the land, for taxes which have been paid by the purchaser on the property. But these provisions have no application to cases in which redemption is effected by a suit in equity; but, when redemption is effected in that manner, the redemptioner is required to pay the interest and penalty provided by section 890 on each installment of taxes which has been paid by the purchaser.

The judgment of the district court will be reversed, and that court will be directed to enter a judgment establishing the right of plaintiffs to redeem the property by paying the amounts which we have indicated are necessary to effect the redemption.

                                        REVERSED.