| 76 | 419 |
|110 | 523 |

76   419
o119 287·

JOHNS *et al.* v. GRIFFIN *et al.*

1. **Tax Sale and Deed:** CONFLICTING TAX TITLES: STATUTE OF
LIMITATIONS. Plaintiffs' tax deed was made in 1881 upon tax sales
made in 1876 for taxes of 1875. Defendants' tax deed was made in
1884 upon tax sales made in 1869 for taxes of 1868. *Held* that
defendants' right to enforce the execution of a tax deed was barred
when plaintiffs' deed was made, and probably when the tax sale
was made to plaintiffs, and therefore that it could not be set up to
defeat plaintiffs' tax title.

2. ———— : WHO MAY NOT QUESTION DEED. One who has nothing but
a certificate of purchase at tax sale for land subsequently sold for
taxes, cannot question the deed made under the second sale,
because such a certificate is not a " title " to the land, as contem-
plated by section 897 of the Code, providing that no person shall be
permitted to question a tax title " without first showing that he,
or the person under whom he claims, had title to the property at
the time of the sale." ( See opinion for cases cited.)

*Appeal from Clay District Court.*—HON. LOT
THOMAS, Judge.

FILED, DECEMBER 22, 1888.

ACTION in chancery by Martha Johns and others
against M. E. Griffin and others, to quiet the title to
lands. There was a decree granting the relief prayed
for in the petition. Defendants appeal.

*Parker & Richardson* and *Powers & Lacy*, for
appellants.

*John S. Roberts* and *Hughes & Chamberlain*, for
appellees.

BECK, J.—I. Plaintiffs claim under tax deeds
executed in 1881 upon tax sales made in 1876 for taxes

**1. TAX sale and deed: conflicting tax titles: statute of limitations.** of 1875. The defendants, to defeat plaintiffs' title, rely upon tax deeds under which they claim, executed in 1884, upon tax sales made· in 1869, for taxes of 1868. It thus appears· that the tax sales under which defendants claim were had about seven years before the tax sales under which plaintiffs claim, and their deeds were executed, about three years after the tax deeds under which plaintiffs claim title. The defendants, or their grantors or assignors holding the tax-sale certificate, were entitled to a tax deed in 1873, three years before the tax sales under which plaintiffs claim, and twelve years before plaintiffs' tax deed was executed. Defendants' right to enforce the execution of a tax deed under the tax sale to them was, and had been for ten years, barred at the time plaintiffs' deed was executed ; and, indeed, we think it probable that it was so barred when the tax sale was made to plaintiffs. · The county treasurer could not have been compelled to execute a deed upon the tax sale to defendants when plaintiffs'· deed was executed and probably even when the tax sale under which plaintiffs' claim was had. *Hintrager v. Traut*, 69 Iowa, 746. The plaintiffs, at the time the deed under which they claim was executed, were authorized to believe that all rights under defendants' tax sale had been abandoned. The right to a deed was barred under the law. Plaintiffs were not required to regard defendants' tax certificate. as existing, and so in force as to authorize . a deed to be executed thereon. They were therefore not required to protect their interest against it by redemption or by any other act. The defendants' tax ·title cannot therefore be set up to defeat the tax title upon which plaintiffs rely.

II. Code, section 897, provides that "no person shall be permitted to. question the title acquired by a **2. —— : who may not question deed.** treasurer's deed without first showing that he or the person under whom he claims title had title to the' property at the time of the sale." At the time of plaintiffs' tax sale defendants or· those under whom they claim held a tax-sale certificate

made seven years before. The certificate did not give title to the land. *Rice v. Bates*, 68 Iowa, 393. It was evidence of a right to a deed upon certain conditions prescribed by law, which would convey title when executed. If this right was not barred by the statute of limitations, it was a right to acquire a title at a future time; it was not a title. But the statute above quoted requires the person resisting a tax title to show that he' had title at the time of the sale. This provision stands in the way of defendants' claim. Had those under whom defendants claim held a tax title to the land, or any other title supporting a *bona-fide* claim to the land, or an interest therein, they could have resisted the tax title of plaintiffs. But they held no title or claim to a present interest in the land,—they held a right to a future interest depending upon conditions prescribed by the law. It will not do to show, as a compliance with the provision of the statute, a lien or a contingent right to the acquisition of the title. The law requires that the title to the land be shown. It is probably not necessary to show a perfect title to all interests in the land, but such a title must be shown as will support a *bona-fide* claim to the land; that is, to title to the land. *Adams v. Burdick*, 68 Iowa, 666, is not inconsistent with these views. The case holds that a tax title will support resistance to another tax title. In this case defendants did not hold the tax title; they had but a certificate for a tax deed. In our opinion defendants fail to show title in the land which will authorize them to resist plaintiffs' claim to the land. Other questions discussed by counsel need not be considered, as our views on the foregoing points are decisive of the case.

AFFIRMED.