| 112 | 325 |
| 119 | 286 |

WILLIAM HINTRAGER, Appellant, v. R. S. McELHINNY AND HUBERT O'DONNELL.

Action to Redeem from Tax Sale: STATUTE OF LIMITATIONS: *Void tax deed.* Under Code 1873, section 902, providing that no action for the recovery of real property sold for non-payment of taxes shall be maintained unless brought within five years after the treasurer's deed is executed, an action to redeem from a tax sale is not barred, though not brought within five years after the execution and record of the tax deed, where it is claimed that the deed was void, and that no valid notice of expiration of time for redemption was ever served.

PAYMENT OF TAXES DUE: *Laches of redemptioner.* Where, in an action to redeem land from a tax sale, the taxes for the year preceding the commencement of the action were not paid at the time of the commencement of the action, but were paid at the time of the filing of the amended complaint, in which it is claimed that no valid notice of the expiration of the period for redemption was served prior to the issuance of the treasurer's deed, the laches of plaintiff in paying the taxes will not defeat his action.

SALE IN LUMP. Under Code 1873, section 875, providing that the treasurer shall offer for sale separately each tract offered for sale at a tax sale, a tax deed of two lots, which showed on its face that the lots were sold together as one tract, is void.

ACCOUNTING. In an action to redeem lands from a tax sale, where the purchaser has been in possession for a period of years, on an accounting, he is responsible to the owner, not for the rental value of the land, but merely for the rents actually received.

SAME. In an action to redeem from a tax sale, where the purchaser has been in possession, he is entitled on an accounting to credit for sums expended or repairs and betterments necessary for the preservation of the property and the realization of rents therefrom.

SAME. In an action to redeem from a tax sale, where the purchaser has been in possession for several years, on an accounting, the purchaser should be charged with the rents received, with interest on the amount received each year, and credited with the amount paid by him at the tax sale, with interest, and with the amounts paid by him for subsequent taxes, with interest from date of payment, and for the amounts paid for repairs and the care of the property, with interest on the sum paid each year.

*On rehearing.* Redemptioner should also be charged with interest and penalty as provided in a city ordinance.

**Tax Sale:** CARRYING FORWARD TAXES. Under Code 1873, section 845, a sale of land for delinquent taxes for two years preceding the sale is invalid, where the taxes for the preceding year were not carried forward to the tax lists for the year during which the property was sold for taxes.

SERVICE OF NOTICE OF EXPIRATION OF REDEMPTION. Under Code 1873, section 894, providing for the service of a notice of expiration of time for redemption on the person in possession of land sold for taxes, and the person in whose name it is taxed, the service of notice on one of several tenants of premises sold

for taxes, as well as on the owner thereof, in whose name the premises are taxed, is insufficient to bar the owner's right to redeem them.

AFFIDAVIT OF SERVICE: *Constable's return.* Under Code 1873, section 894, providing that the right to redeem from tax sales shall not expire until 90 days after the service of a notice of expiration of the time for redemption, and that service of such notice shall be deemed complete when an affidavit of the "holder of the tax certificate, his agent, or his attorney," shall have been filed with the treasurer, a certificate by a constable that he had served such notice on certain persons is insufficient, and does not authorize the treasurer to execute a tax deed.

*Appeal from Dubuque District Court.*—Hon. J. L. Husted, Judge.

Friday, May 18, 1900.

In pursuance of an original notice served March 15, 1893, plaintiff filed his petition in equity against the defendant B. S. McElhinny, asking to be quieted in the title to lots 67 and 68 in East Dubuque (an addition to the city of Dubuque), as against said defendant. Said defendant answered, disclaiming any interest in the property, and alleging that on the twenty-third day of March, 1888, he had conveyed all his interest in said property to Hubert O'Donnell. Hubert O'Donnell was made a defendant, and on February 1, 1895, answered, claiming title and ownership under a tax deed made to the defendant McElhinny March 16, 1888, recorded on the same day, and said deed from McElhinny to him, and averring that city and county taxes for 1892 were due and unpaid at the commencement of this action, and "therefore defendant says plaintiff should not be permitted to maintain this suit to question defendant's title through the tax deed aforesaid." For cross petition he alleges that on December 2, 1884, said property was duly sold at tax sale for the taxes of 1882 and 1883, to the defendant McElhinny, and a certificate is-

sued to him, upon which, after due notice and a failure to redeem, a deed was duly made to him by the treasurer; that in making said purchases and receiving said deed said McElhinny acted for this defendant, and therefore executed and delivered to this defendant his quitclaim deed to said property March 23, 1888; that on April 1, 1887, this defendant took possession of said property, and has since retained the same; that he has paid for repairs thereon about $100 each year, and has received as rents $375 annually, and has paid taxes to the amount of about $800. He prays to be quieted in his title, or, if he should fail in this, that an accounting be had; that he have judgment for the balance due him; and that the same be decreed to be a lien on said premises. Plaintiff replied, and answered the cross bill, parts of which were stricken on motion, and a demurrer to the balance sustained, whereupon, on October 31, 1896, the plaintiff filed an amendment to his petition, alleging that said tax deed is void, for various reasons alleged, which may be summed up as follows: Because delinquent taxes for which the property was sold had not been carried forward on the tax books. Because the notice to redeem is insufficient in the following particulars: (1) It was not served on the tenants who were in possession of the property; (2) it does not correctly describe the land; (3) the signature purporting to be affixed thereto was improper; (4) no affidavit showing service was filed with the treasurer; (5) it does not correctly state when the time for redemption will expire. Because the deed was issued before the time for redemption expired. Because of certain facts set out, the city, under its ordinances, was estopped from selling the property for these taxes. Because the deed shows on its face a sale of two separate lots in gross. Because the levy for each of the years for which the property was sold, was in excess of the power of the city council to levy. Plaintiff charged collusion between O'Donnell and the city officers; alleges that he paid the taxes for the years after

the sale and prior to the deed; that defendant took possession April 1, 1888; that the rental value was $600 a year; that O'Donnell has paid the taxes since the deed was issued; and that there are now no taxes due and unpaid. He prays for an accounting, and for judgment for any balance due him, and to be quieted in his title. The defendant O'Donnell answered this amendment, reaffirming his former answer, making various denials, and stating various defenses, as will hereafter sufficiently appear, and setting out a statement of the amounts received and paid out by him. On hearing had, a decree was rendered dismissing plaintiff's petition, from which he appeals.—*Reversed.*

*Powers, Lacy & Brown* for appellant.

*W. J. Knight* and *N. E. Utt* for appellee.

GIVEN, J.—I. The plaintiff holds and claims under the patent title, and the defendant O'Donnell under the tax title to McElhinny. The tax sale and deed to be considered were by the treasurer of the city of Dubuque, under the statutes of the state and ordinances of said city. Said ordinances, in the particulars to be considered, provided substantially as was provided in the Code of 1873, under which the proceedings were had; and therefore, for convenience, our references will be to that Code only. Defendant O'Donnell contends that the action, as presented in the original petition, was an action to quiet title, under section 3273; that the cause of action presented in the amendment thereto is a new and separate cause of action, namely, to redeem, under section 893, and, not being brought within five years after the treasurer's deed was executed and recorded, it is barred by section 902. It is true, the original petition alleged title and right to possession in the plaintiff, that defendant made some claim, and that he was in possession, and had received the rents, and prayed to be quieted in the title, for possession, and

judgment for the rents. The defendant O'Donnell did not treat this as simply an action to quiet title, by denying plaintiff's title and alleging title in himself. In his answer he set up his title under the tax deed, and affirmed its validity, and that he was in possession thereunder, and that the taxes for 1892 were due and unpaid at the commencement of this suit, wherefore plaintiff should not be permitted to maintain this suit. He asked to be quieted in his title, "and, failing in this," for an accounting and judgment. If it was an action to quiet title, only, it was immaterial whether or not the taxes for 1892 were paid; but, if to redeem, it was material. It may be questionable whether, in view of this answer, the defendant should be heard to insist upon the bar of the statute, but this we do not determine. We have seen that in his amendment the plaintiff alleges that, for the reasons stated, said tax sale and deed are void, and offers to reimburse the defendant. As we view the allegations of this amendment, and the evidence in support thereof, plaintiff's right to redeem has not been cut off; and therefore his action, though considered as an action to redeem, is not barred.

II. We now inquire as to the complaints made against the validity of the tax sale and deed, and the effect thereof. The sale was on December 4, 1884, for personal taxes of 1882, and real and personal taxes of 1883. The delinquent taxes for 1882 were not carried forward on the list for 1883, nor were the taxes for 1882 and 1883 carried forward on the list for 1884. Section 845 requires that delinquent taxes be brought forward and provides that "any sale for the whole or any part of such delinquent taxes, not so entered, shall be invalid." See *Cummings v. Easton*, 46 Iowa, 183; *Jiska v. Ringgold County*, 57 Iowa, 630; *Gardner v. Early*, 69 Iowa, 42; *Burke v. Early*, 72 Iowa, 273; *Hooper v. Bank*, 72 Iowa, 280; *Dows v. Dale*, 74 Iowa, 108; *Snell v. Railway Co.*, 88 Iowa,

442; *Paxton v. Ross,* 89 Iowa, 661; *Nicodemus v. Young,* 90 Iowa, 423. The property in question consisted of a block of three tenements on one of the lots, under one roof, and two houses on the other, all occupied by tenants. The only notice to redeem was addressed, "To William Hintrager and Catherine Offerman," and the only service made was upon these persons, as shown by an unverified return by "Thomas Alsop, Constable." The ordinances of the city contain substantially the same provisions as to such notices as section 894 of the Code. They require that such notices must be served upon the person in possession, and also upon the person in whose name the. property is taxed. None of the five persons in possession, except Catherine Offerman, was served. In *Bradley v. Brown,* 75 Iowa, 180, it is held that the requirement of said section 894 is peremptory, and that service on the owner did not cut off the right to redeem because not also served on the persons in possession. See, also, *Bowers v. Hallock,* 71 Iowa, 218; *Slyfield v. Barnum,* 71 Iowa, 245; *Callanan v. Raymond,* 75 Iowa, 307; *Steele v. Murry,* 80 Iowa, 336; *Cornoy v. Wetmore,* 92 Iowa, 100; *Medland v. Walker,* 96 Iowa, 175; *Shelley v. Smith,* 97 Iowa, 259; *Crawford v. Liddle,* 101 Iowa, 148; *Railway Co. v. Kelley,* 105 Iowa, 106. Said section 894 also provides that "service shall be deemed completed when an affidavit of the service of said notice and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed." No such affidavit was ever filed in this case. Alsop did not act in the capacity of agent or attorney, but as constable; and if he had, he makes no affidavit as required. See *Association v. Smith,* 59 Iowa, 704; *Rice v. Bates,* 68 Iowa, 393; *Stevens v. Murphy,* 91 Iowa, 356; *Sweeley v. Van Steenburg,* 69 Iowa, 696; *Ellsworth v. Cordrey,* 63 Iowa, 675. Plaintiff's claims that the notice was

not properly signed, and does not correctly state when the time for redemption would expire, are not well founded.

III. Section 875 requires the treasurer to "offer for sale separately, each tract or parcel of real property advertised for sale." This tax deed shows that the two lots were sold together for the gross sum of $1,509.32. It has been repeatedly held that such sales are in violation of the statute, and that deeds based thereon are void. *Boardman v. Bourne,* 20 Iowa, 134; *Buam v. Cook,* 21 Iowa, 392; *Ferguson v. Heath,* 21 Iowa, 438; *Harper v. Sexton,* 22 Iowa, 442; *Ackley v. Sexton,* 24 Iowa, 320; *Hurlburt v. Dyer,* 36 Iowa, 474; *Rankin v. Miller,* 43 Iowa, 22. The claims of the plaintiff that under the facts the city was estopped from selling this property, and that the levy was in excess of the powers of the city, are not sustained by the record. His claim that the deed was issued before the time for redemption expired is correct— not, however, because it was within the 90 days "from the date of service of the written notice," as provided in section 895, but because, for the reasons already stated, the right to redeem has not been cut off. It follows from what we have said that defendant's claim that plaintiff cannot maintain this action, because barred, is not sustained. All taxes were paid at the time the amendment to the petition was filed, and the laches of the plaintiff should not deny him the right to redeem, when the defendant, with equal neglect, has failed to cut off that right.

IV. These parties are in a court of equity; the plaintiff offering to reimburse the defendant, and asking to be quieted in his title, and for judgment for any balance found due to him; the defendant asking to be quieted in his title, and that, if this cannot be done, that there be an accounting, and that he have judgment for any balance found due to him. We have seen that the defendant is not entitled to be quieted in the title, and that the plaintiff is entitled to redeem from the tax sale. Under this state of the record, we

are not called upon to say whether the tax deed is void or voidable. It only remains to ascertain the state of the account between the parties. Stated in general terms, the items of the account are for rent, on the one side, and for the amount paid at the tax sale, for amounts paid for subsequent taxes, and for care and repair of the property. The plaintiff insists that the levies for 1882 and 1883 were in excess of the power of the council to levy, and that therefore the defendant is not entitled to be allowed the amount paid at the tax sale. We do not find that the levy was in excess of the power of the council, and therefore hold that the defendant is to be allowed the amount paid at the tax sale. Plaintiff further contends that he is entitled to recover the rental value of the property, instead of the actual amount of rent received by the defendant. But in this we do not concur. We cannot presume that the properties were at all times in demand by tenants, and may assume that the defendant exercised reasonable diligence to realize all the rents that he could therefrom, and that he should be charged only with the rents actually received. It is further insisted that the defendant is not entitled to be allowed for improvements or betterments. But not so, as the improvements charged for seem to have been necessary for the preservation of the property and for the realizing of rents therefrom. The defendant should be charged with rents received, with interest on the amount received each year, and he should be credited with the amount paid at the tax sale, with interest thereon to the date of decree, and with the amounts paid for subsequent taxes, with interest from the date of payment, and for the amounts paid for repairs and care of the property, with interest on the sum paid each year; interest to be computed at 6 per cent. to the date of the decree. The decree appealed from was rendered December 20, 1897, and we have no evidence as to which of the parties has been paying taxes, making repairs, or re-

ceiving rents since that date. If either of these has been by the defendant, we have no evidence upon which to make a final accounting, and therefore must remand the case for final accounting upon the basis indicated above.—RE-VERSED.

On rehearing Modified.

Tuesday, October 23, 1900.

Per Curiam.—Plaintiff asks a rehearing as to our holding that the defendant is entitled to be allowed the amount paid at the tax sale, contending that the levy was in excess of the power of the city to collect. In view of the pleadings and facts, we adhere to the conclusion that defendant is entitled to be allowed the amount of taxes paid by him. The defendants ask a rehearing, contending that plaintiff should be charged with interest and penalty as provided in the city ordinance, and in this we conclude they are correct. See *Slyfield v. Barnum*, 71 Iowa, 245; *Guise v. Early*, 72 Iowa, 283. The opinion is MODIFIED accordingly, and the petitions for rehearing OVER-BULED.

Granger, C. J., not sitting.