HANNAH P. GILL, Appellant, v. R. B. CANDLER AND ALICE E. CANDLER.

**Tax Title:** WHO MAY PLEAD: *Statute of limitations.* Under Code, section 1448, providing that no action for recovery of real estate sold for taxes shall be brought after five years, a person who was not the owner of the land at the time of the tax sale but merely claims by subsequent adverse possession, is not en-

titled to plead the limitations of the statute against the pur-
chaser at the tax sale.

Adverse possession. Title cannot be acquired by adverse possession,
2　when such possession was under an arrangement recognizing a
superior title.

*Appeal from Linn District Court.*—Hon. William
Treichler, Judge.

Wednesday, May 29, 1901.

Action to recover possession of land. Plaintiff claims
title under a tax deed. Defendants interpose the statute of
limitations, and also in a cross bill assert title in themselves,
and ask that such title be quieted as against plaintiff. The
case was transferred to the equity docket, and after a trial
on the merits the defendants' cross bill was dismissed, but
their plea of the statute of limitations to plaintiff's tax title
was sustained, and title to the premises was decreed to be in
defendant, Alice E. Candler. Plaintiff appeals.—*Reversed.*

*C. J. Haas* for appellant.

No appearance for appellee.

McClain, J.—As we have no argument for appellees,
we shall dispose of the case as briefly as possible. It appears
that the tax sale under which plaintiff claims was made in
1889, and the deed was issued in 1893. Defendants' evidence
shows that they had been in possession of the premises for
some six or seven years prior to the tax sale, and have been
in possession ever since. The present action was
commenced in 1898. There are two good reasons,
clearly appearing in the record, why defendants'
plea of the statute of limitations against plaintiff's tax deed
cannot be sutained. In the first place, the bar of five years
against a tax deed (Code, section 1448) is only available
to one who was the owner of the title at the time of the sale.

*Lockridge v. Dagget,* 54 Iowa, 332; *Varnum v. Shuler,* 69 Iowa, 92. Defendants introduced no evidence of title whatever. Their possession was not shown to have existed for such length of time prior to the tax sale as to give them title by adverse possession. In the second place the evidence shows that the possession since the issuance of the tax deed has not been adverse to the person claiming title under such deed, but under an arrangement with him by which his title was fully recognized. Under such conditions, no continuance of possession will give rise to the statutory bar. *Litchfield v. Sewell,* 97 Iowa, 247. As to necessity of adverse possession to sustain the plea of the general statute of limitations in an action to recover possession of real property, see notes to Code, section 3447, p. 1256.—REVERSED.