HAWKEYE SAVINGS & LOAN ASSOCIATION ET AL.; J. E. MERSHON, Receiver, Appellee, v. E. R. MOORE, Appellant.

**Taxation:** REDEMPTION: TITLE AT TIME OF SALE: EVIDENCE. Code, section 1445, which provides that no person shall be permitted to question a tax title without first showing that he or the person under whom he claims had title thereto at the time of the sale, is applicable to actions brought in equity to redeem; and the requirement is not met by proof that plaintiff had charge of the property in renting and collecting rents prior to the sale, that it held a mortgage but not the record title, and that subsequently it procured a deed to the property for the purpose of perfecting its title.

*Appeal from Polk District Court.*— HON. W. H. MCHENRY, Judge.

THURSDAY, JULY 9, 1908.

ACTION in equity to redeem from a tax sale of real property. Pending the action in the court below the plaintiff association was adjudged insolvent, and J. E. Mershon, receiver, was substituted as plaintiff. The defendant Moore is the holder of the tax deed. There was a decree in favor of plaintiff, and the defendant appeals.— *Reversed.*

*C. F. Clark* and *Frank H. Dewey,* for appellant.

. *J. E. Mershon,* for appellee.

BISHOP, J.— It is alleged in the petition that in September, 1897, one Ault, then the owner of the real property in question, executed and delivered to the plaintiff association a mortgage on said property to secure the repayment of moneys loaned to him; that in September, 1904, foreclosure of said mortgage was had, and a decree entered; that about the time said decree was entered the property was placed in the possession of plaintiff, which possession has continued to the present time; that in April, 1906, one Shaver, who had succeeded to the patent title to the property through warranty deed from Ault, dated October 27, 1905, conveyed to the plaintiff association by warranty deed, and it is now the owner in fee simple of said property. It is then alleged that on February 14, 1906, a tax deed was executed by the treasurer of Polk county and delivered to the defendant Moore, under which he, said defendant, now asserts title to the property. Facts are then alleged based on which plaintiff claims that said tax deed was improperly executed and is void, and that the period for redemption from the tax sale has not expired. And the prayer is that the right to redeem be established. Defendant, in answer, denied each and every allegation of the petition, excepting only those relating to the fact of the issuance of the tax deed, and his claim of title thereunder to the property. In a cross-petition defendant asserted his title to the property under his tax deed, and prayed that his ownership be adjudged to be absolute and his title quieted. Upon the issue thus framed, the case went to trial.

One ground relied upon for a reversal — and we shall not have occasion to notice any other — is that plaintiff wholly failed to make proof that at the time of the tax sale, which took place December 1, 1902, it, or the person under whom it claims title, had title to the property. And reliance is placed on Code, section 1445, which provides that no

person shall be permitted to question the title acquired by tax deed without first showing that he or the person under whom he claims title had title to the property at the time of the sale.   This provision of the statute, we have frequently held, has application to actions brought in equity to redeem. The cases are collected under the section of the Code referred to, and we need not cite them.   This takes us to the evidence, because it will be observed that the allegations of the petition respecting title were met by a specific denial in the answer.   Plaintiff called as a witness one Wilson, who testified that up to the time the plaintiff went into the hands of a receiver he was its secretary; that the property in question "was in charge of the association in September, 1905, and had been for more than a year or two.   We had been renting it and collecting rents. . . .   The association had formerly had a mortgage.   It did not have the record title at that time."   J. E. Mershon was called as a witness, and he testified that he was appointed receiver of the association October 1, 1905, and "thereafter, in order to perfect the title to this property in the association, I procured deed, 'Exhibit A,' conveying the title to the plaintiff association." The deed referred to was introduced in evidence, and is a warranty deed, dated April 9, 1906, executed by L. B. shaver, and conveying to the plaintiff association the property in question.   Here the evidence on the subject ends, and it will be seen that there is nothing upon which to base an inference even — much less to find as a fact — that on December 1, 1902, when the tax sale took place, either the plaintiff association or Shaver had any title or interest in the property.   In this situation of the record plaintiff's petition should have been dismissed, and, as the tax deed appeared to be regular on its face, there should have been a decree in favor of defendant establishing and quieting his title.   The decree entered is reversed, and the cause is remanded for a decree in harmony with the conclusion of this opinion.— *Reversed.*