INCORPORATED TOWN OF STORY CITY, Appellee, v. H. E. HADLEY et al., Appellants.

No. 40526.

MARCH 15, 1932.

Fred E. Hansen, for appellant.

Addison & Smedal, for appellee.

FAVILLE, J.—The appellee in this action is an incorporated town. Said town established a sewer system and provided for special assessment against the real estate in said town to pay for said sewer. One Myrah was the owner of certain vacant lots in said town, against which a special assessment of $175 per lot was levied. The assessment so levied was not paid by the owner of said lots and, in due time, they were offered for sale at tax sale. The appellant became the purchaser of said lots. No redemption was made from said tax sale, nor any attempt so to do, and in due time proper notice was served by the appellant upon the owner of the fee title to said lots. Thereafter a tax deed was duly issued and delivered to the appellant for said lots. Subsequently, this action was instituted by the appellee town to redeem from said tax deed. Tender was made by said town of the amount necessary to effect a redemption. The tender was refused and this action followed.

I. We first consider the question as to whether or not the appellee town can maintain this action to redeem said lots from a tax sale after tax deed had been duly issued by the treasurer.

Code section 6039 is as follows:

"'At any such sale, where bonds have been issued in anticipation of such special taxes and interest, the city may be a pur-

chaser, and be entitled to all the rights of purchasers at tax sales.''

It is to be noted that this provision of the statute permits a city to become a purchaser at a tax sale. It does not, however, give a city the right to redeem said property after the tax sale has culminated in the issuance and delivery of a treasurer's deed. The right to become a purchaser at a sale is quite a different thing than the right to redeem, even after treasurer's deed has been issued.

Code section 7290 is as follows:

''No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title.''

It is apparent that, under the language of this statute, the appellee, even though permitted by Code section 6039 to become a purchaser at a tax sale, is not given the right to set aside a treasurer's deed duly issued. That right is, by virtue of section 7290, limited to a person who had title at the time of the tax sale, or who claims under one who held that title, or who claims under a title obtained from the United States or this state after the sale.

The appellee town comes within none of the classes designated by this statute. It never had title to the premises in question. It makes no claim to the premises under the former title holder, and the appellee has obtained no title from the United States nor this state since the sale.

Therefore, at the threshold of this inquiry it must be held that appellee has failed to show that it is entitled, under the statute, to maintain this action to redeem from the treasurer's deed. As bearing on this question, see Day v. Schroeder & Lindblom, 46 Iowa 546; Hintrager v. Kiene, 62 Iowa 605; Varnum v. Shuler, 69 Iowa 92; Pitt's Sons Manuf'g Co. v. Beed, 69 Iowa 546; Johns v. Griffin, 76 Iowa 419; Nicodemus v. Young, 90 Iowa 423; Baird v. Law, 93 Iowa 742; Shelley v. Smith, 97

Iowa 259; State of Iowa v. Havrah, 101 Iowa 486; Petersborough Savings Bank v. Des Moines Savings Bank, 110 Iowa 519; Gill v. Candler, 114 Iowa 332; Busch v. Hall, 119 Iowa 279; Hawkeye Savings & Loan Ass'n v. Moore, 139 Iowa 133; Wilcox v. Ruan, 192 Iowa 520; Minneapolis & St. Louis R. Co. v. Pugh, 201 Iowa 208.

II.  The appellee contends that, by reason of certain equitable circumstances, it is entitled to redeem said lots from the treasurer's deed held by the appellant.  It is true that in cases of this kind it is proper for the court to take into consideration equitable circumstances which bear upon the question of the right of a redemptioner to set aside a tax deed.  In this case, the appellant is the uncle of the fee owner of the premises at the time of the tax sale.  It is also true that he had acted as attorney for said fee owner in certain litigation and it appears that during a portion of the period of time between the levy of a special assessment and the acquiring of the treasurer's deed, the fee owner had been mayor of the appellee town.

We have carefully examined all the circumstances relied upon by the appellee which it is contended show equitable ground for permitting the redemption, and we reach the conclusion that, even if appellee were legally entitled to redeem under the facts and circumstances disclosed in this record, there is not a sufficient showing of equitable circumstances to warrant the court in setting aside the tax deed duly issued upon proper notice and now in the hands of the appellant.  There is no proof of any irregularity in respect to the tax sale, the giving of notice after due time and the issuance of the treasurer's tax deed.  Such instruments should not be set aside upon slight evidence.  There must be substantial proof of equitable circumstances to warrant a court in depriving a tax deed holder of the property which he has thus lawfully acquired.

We reach the conclusion that the trial court erred in entering a decree permitting the appellee to redeem from the treasurer's tax deed, and that said decree must be and it is—Reversed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.