WIN S. WHITE, Plaintiff, Appellee, v. VAN W. HAMMERSTROM, County Treasurer, Defendant, Appellee; WILLIAM F. LOHR, Intervenor, Appellant.

No. 44248.

1042

FEBRUARY 8, 1938.

REHEARING DENIED JUNE 24, 1938.

Forsling & Cover, C. M. Gasser, and R. C. Prichard, for appellees.

F. W. Lohr, for appellant.

KINTZINGER, J.—Plaintiff claims to be the owner of the real estate in question under a tax deed issued to him under an assignment of a tax sale certificate issued in 1929 for the unpaid taxes of 1928. The land in question is described as follows:

"Except the west Seven Hundred Ninety-six and 7/10 feet (796.7') and except the north Thirty feet (30') for road, the north Thirty (30) acres of the southwest quarter of the southwest quarter of Section Twenty-two (22), Township Eighty-nine (89), Range Forty-seven (47), situated in the County of Woodbury and State of Iowa."

Plaintiff secured a tax deed in January, 1933, under his tax sale certificate of December, 1929, and immediately went into possession of the property under his tax deed which he duly filed and recorded. Through himself and a tenant, he has remained in possession ever since and paid all subsequent taxes thereon. No question is raised as to the validity of plaintiff's tax deed because of any failure to give the notice of redemption required by sections 7279 to 7282, inclusive, of the Code of 1931.

The same property had also been sold for the unpaid taxes of 1927 to intervenor's assignor in December, 1928. On October 24, 1936, intervenor served notice of expiration of the period of

redemption upon plaintiff from intervenor's tax sale certificate of 1928. At that time the land in question was in the actual possession of E. G. White, as lessee and tenant of plaintiff.

When intervenor served notice of redemption from his tax sale certificate, plaintiff had already received a tax deed under his tax sale certificate of December, 1929, and has paid all subsequent taxes upon said land. Upon receiving his notice of expiration of redemption under intervenor's tax sale certificate, plaintiff commenced this action to restrain the treasurer from issuing another tax deed under intervenor's certificate of 1928.

Thereupon the intervenor filed a petition in intervention asking the court to dismiss plaintiff's petition and deny him the injunctive relief sought for therein. Intervenor also asked that the tax deed issued to plaintiff be set aside and that intervenor's right to a tax deed be established against the adverse claims of plaintiff. The court denied intervenor's application, and he appeals.

■■■ I. Appellant contends that plaintiff's tax deed is void because the property therein described was sold en masse for a gross sum and is therefore void upon its face. It is the rule that where different tracts of land are sold en masse for taxes, the sale is void. Code, sections 7246 and 7252; Ackley v. Sexton, 24 Iowa 320; Hurlburt v. Dyer, 36 Iowa 474; Hintrager v. McElhinny, 112 Iowa 325, 82 N. W. 1008, 83 N. W. 1063; Penn v. Clemans, 19 Iowa 372; 61 C. J. 1128. Section 7246 provides that:

"Notice of the time and place of such sale shall be given by the treasurer, and shall contain a description *of each separate tract to be sold.*" (Italics ours.)

Section 7252 provides that:

"The treasurer shall * * * offer for sale, *separately, each tract or parcel of real estate advertised for sale on which the taxes and costs shall not have been paid.*" (Italics ours.)

The trouble with appellant's contention is that the land in question does not contain more than one separate tract but consists of only one tract, as hereinabove described. In other words this is one tract, consisting of the north thirty acres of the S. W. quarter of the S. W. quarter of Sec. 22, Twp. 89, Range 47, in Woodbury County, Iowa, except the west seven

hundred ninety-six and 7/10 feet (796.7'), and except the north thirty feet (30') for a road.

The testimony shows without dispute that only one tract of land was sold for general and special taxes levied against it. The general taxes amounted to $103 and were assessed against the entire tract of plaintiff's property as hereinabove described. The special assessment for the construction of a sewer amounted to $50.71 and this assessment was levied against property which included a narrow ten-foot strip along the north portion of said tract.

Appellant therefore contends that the assessment of general taxes and the special assessment resulted in a division of plaintiff's property into separate tracts and that the same rule should apply as in cases where separate tracts of land are sold en masse for the amount of the taxes due against each.

Section 7246 and section 7252, however, were evidently enacted for the purpose of enabling the property owner to redeem from each separate tract separately. In the instant case, however, the entire tract was subject to the general taxes although only a portion thereof may have been subject to the lien of the special assessment. There was no attempt made in this case by the property owner to redeem from either the sale for the delinquent general taxes, or the lien of the special assessment. It would be impossible for the property owner to redeem from the sale for the general taxes without paying the entire amount due thereon. Likewise, it would have been of no benefit to the property owner to redeem from the levy of the special assessment without also redeeming from a sale for the delinquent general taxes.

The property in question was listed for taxation as one tract and was, in fact, simply one tract of land. Therefore, the sale of this property as one tract did not violate the provisions of sections 7246 and 7252.

■■■ II. Appellant also contends that appellee's tax deed does not comply with the statutory form prescribed in section 7285 of the Code. All that is required by this statute is that the deed issued by the treasurer shall be *substantially* in the form set out in that section. We have carefully compared the deed executed by the treasurer with the form prescribed by statute and find that it substantially complies with the statutory form.

■■■ III. One of the chief difficulties with appellant's con- tention in this case is that his attempt to redeem is prohibited by section 7290 of the Code of 1935. This section provides that:

"No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, *had title to the property at the time of the sale,* or that the title was obtained from the United States or this state after the sale, *and that all taxes due upon the property have been paid by such person,* or the person under whom he claims title." (Italics ours.)

Under this statute, it has been held that the right to question the title acquired by a treasurer's deed is limited to a person having title at the time of the tax sale, "or who claims under one who held that title, or who claims under a title obtained from the United States or this state after the sale." Under this statute, the right to question a treasurer's deed is not permitted unless it is shown that he has paid all taxes due upon the property. Incorporated Town of Story City v. Hadley, 214 Iowa 132, 241 N. W. 649, 650; Johns v. Griffin, 76 Iowa 419, 41 N. W. 59; Hintrager v. Kiene et al., 62 Iowa 605, 15 N. W. 568, 17 N. W. 910; Varnum v. Shuler et al., 69 Iowa 92, 28 N. W. 451; Pitt's Sons Mfg. Co. v. Beed, 69 Iowa 546, 29 N. W. 458; Nicodemus v. Young, 90 Iowa 423, 57 N. W. 906; Baird v. Law, 93 Iowa 742, 61 N. W. 1086; Shelley v. Smith, 97 Iowa 259, 66 N. W. 172; Petersborough Savings Bank v. Des Moines Savings Bank, 110 Iowa 519, 81 N. W. 786; Busch v. Hall, 119 Iowa 279, 93 N. W. 356; Hawkeye Savings & Loan Assn. v. Moore, 139 Iowa 133, 117 N. W. 51.

In Incorporated Town of Story City v. Hadley, 214 Iowa 132, l. c. 134, 241 N. W. 649, this court said:

"It is apparent that, under the language of this statute, the appellee, even though permitted by Code section 6039 to become a purchaser at a tax sale, is not given the right to set aside a treasurer's deed duly issued. That right is, by virtue of section 7290, limited to a person who had title at the time of the tax sale, or who claims under one who held that title, or whom claims under a title obtained from the United States or this state after the sale.

"The appellee town comes within none of the classes desig-

nated by this statute. It never had title to the premises in question. It makes no claim to the premises under the former title holder, and the appellee has obtained no title from the United States nor this state since the sale.''

The record in this case shows without dispute that appellant did not have title to the property at the time of the tax sale to appellee, or that he obtained title from the United States or this state after the sale, or that he has paid all subsequent taxes due upon the property. This statute is plain and unambiguous, and under it intervenor is not permitted to question appellee's title.

■■■ Appellant, however, claims a right to redeem this property by equitable proceedings under the authority of section 7278, which provides that:

''Any person entitled to redeem lands sold for taxes after the delivery of the deed shall do so by an equitable action in a court of record, in which all persons claiming an interest in the land derived from the tax sale, as shown by the record, shall be made defendants, and the court shall determine the rights, claims, and interest of the several parties, including liens for taxes and claims for improvements * * * No person shall be allowed to redeem land sold for taxes in any other manner after the service of the notice provided for by section 7279.''

It is true that before a tax deed has been issued under a tax sale certificate for taxes delinquent after the first tax sale was made, a person may have a right to redeem before a tax deed is issued under a tax sale certificate for subsequent delinquent taxes; but no statute has been called to our attention giving the holder of a prior tax sale certificate the right to redeem from the holder of a, tax deed acquired under a subsequent tax sale certificate.

The most that can be claimed for appellant is that, under his prior tax sale certificate, he had a right to redeem from a subsequent tax sale certificate before it ripened into a deed. It is the universal rule of law that a tax deed is a new and independent grant from the state, cutting off all prior liens against said property. Code, section 7286; Wood v. Schwartz, 212 Iowa 462, 236 N. W. 491; Petersborough Savings Bank v. Des Moines Savings Bank, 110 Iowa 519, 81 N. W. 786; Crum v. Cotting, 22 Iowa 411.

In Wood v. Schwartz, 212 Iowa 462, l. c. 465, 236 N. W. 491, 492, this court said:

"The validity of the tax deed executed by the County Treasurer * * * is in no way questioned. The title of the Redfields, acquired by reason of the execution of the tax deed is not derivative, but the same constitutes a new title in the nature of an independent grant from the sovereign."

This rule is also supported by section 7286 of the Code and the following cases: Gray v. Coan, 30 Iowa 536; Nedderman v. City of Des Moines, 221 Iowa 1352, 268 N. W. 36; Means v. Incorporated City of Boone, 214 Iowa 948, 241 N. W. 671; Lucas v. Purdy, 142 Iowa 359, 120 N. W. 1063, 24 L. R. A. (N. S.) 1294, 19 Ann. Cas. 974.

■■■ IV. It may also be said that the person in possession of plaintiff's property was E. G. White, his lessee and tenant, and that no personal notice was served upon him as required by sections 7279 to 7282 of the Code of 1931.

Section 7279 of the Code requires notice by personal service to be made upon the person in possession residing in the county where the land is situated. The record in this case shows that no such notice was served upon E. G. White, the person then in possession of the property as tenant. Sections 7279 and 7282 provide that, as a prerequisite for cutting off the owner's right of redemption, a notice of redemption be served upon the person in possession personally, and that the right of redemption does not expire until ninety days after the service of such notice upon him. Therefore, the treasurer would have no legal right to issue a tax deed upon intervenor's tax sale certificate of 1928.

One of the jurisdictional requirements for cutting off the former owner's right of redemption is that the tenant or person in possession of the real estate in the county where the land is situated be served personally. As the evidence in this case shows that no such service was made upon the tenant in possession, the county treasurer acted within his right in refusing to issue a tax deed under intervenor's tax sale certificate of 1928. Geil v. Babb, 214 Iowa 263, 242 N. W. 34; Slyfield v. Barnum et al., 71 Iowa 245, 32 N. W. 270; Bradley v. Brown, 75 Iowa 180, 39 N. W. 258; Callanan v. Raymond, 75 Iowa 307, 39 N. W.

511; Minneapolis & St. L. R. Co. v. Pugh, 201 Iowa 208, 205 N. W. 758; Ashenfelter v. Seiling, 141 Iowa 512, 119 N. W. 984.

In Geil v. Babb, 214 Iowa 263, l. c. 267, 242 N. W. 34, 36, the court said:

" 'One of the statutory requirements, which is jurisdictional, is that this affidavit state under whose direction the making of service and manner thereof was made. In each of these affidavits it is shown that the personal service of the notice on the parties in possession of the real estate was made under the direction of Walter Babb, but there is an entire failure to state under whose direction the service was made on the nonresidents of the county by publication. Our Court has held that this affidavit showing this matter must be explicit; it cannot be aided by parol, and nŏ presumptions may be indulged in its construction that are not based on definite and explicit recitation of facts. Under the law in these cases this affidavit must be strictly construed and nothing may be read into it that does not plainly appear therein.' "

In Slyfield v. Barnum et al., 71 Iowa 245, l. c. 247, 32 N. W. 270, the court said:

"Now, the requirement of the statute, when the land is taxed to a particular person, is that the notice shall be served on that person. Code, Sec. 894. Under that and the following section the power of the treasurer, in such cases, to execute a deed, is dependent on the giving of the notice. *Unless the notice has been served on the person in whose name the land is taxed, he is not authorized to execute a deed.* The deeds in question, then, were executed without authority. They are not absolutely void, it is true, for they operated to transfer the title to the lands to the grantees. But they did not have the effect to terminate the right of redemption, and the title conveyed by them was subject to be defeated by the exercise of that right; * * * and, as long as a right to redeem the land exists, there is no completed sale; and the settled rule is that until there is a completed sale the period of limitation presented by the statute does not begin to run." (Italics ours.)

For the reasons hereinabove expressed, it is our conclusion that the tax deed issued by the county treasurer in 1933 under plaintiff's tax sale certificate of 1929 vests in him a good and

absolute title to the property in question. The lower court so held and we see no reason for disturbing its holding. The judgment of the lower court is therefore hereby affirmed.—Affirmed.

STIGER, C. J., and MITCHELL, ANDERSON, DONEGAN, HAMILTON, SAGER, and MILLER, JJ., concur.