J. W. HUBBARD, Appellant, v. VAN W. HAMMERSTROM, Treasurer of Woodbury County, Appellee.

No. 45837.

MARCH 10, 1942.

REHEARING DENIED JUNE 19, 1942.

J. W. Hubbard, for appellant.

Robert B. Pike, for appellee.

BLISS, C. J.—Plaintiff filed his petition on January 3, 1941, alleging therein that: At an adjourned tax sale held by the Treasurer of Woodbury County, Iowa, on January 23, 1935, certain described lots in Block 52, Highland Park, Sioux City, Iowa, were sold for the nonpayment of taxes thereon for the years 1931, 1932, and 1933, to Joe Schmit, and that, on May 2, 1940, the

said Schmit assigned the certificates of tax sale to the plaintiff; at the same sale, John Hunter purchased Lot 39, Block 31, Leeds, in said county, and thereafter assigned the certificate of tax sale to one Auman, who, on December 17, 1938, assigned the certificate to plaintiff; after the expiration of two years and nine months from the time of the sales, due and legal notices of the expiration of the time for redemption were served upon all parties entitled to notice, and such notices and proofs of service, duly verified, were filed in the office of the County Treasurer; no redemption was ever made from any of said sales, and plaintiff is entitled to the issuance of tax deeds, by the County Treasurer, conveying said lots to him; on December 31, 1940, plaintiff made written tender of these certificates of tax sale, together with the statutory fees, to the defendant, and demanded from him the issuance of tax deeds, which demand was refused, to plaintiff's damage in the sum of $500. After alleging that he had no plain, speedy, and adequate remedy in the ordinary course of law, plaintiff prayed for the issuance of the writ and for damages, and general equitable relief.

Defendant answered admitting that he was the Treasurer of the county, the sale of the property, and plaintiff's demand for the tax deeds. Other allegations were denied, and defendant specifically denied that plaintiff was entitled to tax deeds to the property, or that he was damaged by the defendant's refusal to issue them. For further answer, the defendant alleged: That at an adjourned tax sale held on February 3, 1936, the said lots in Block 52, to which plaintiff alleged he held certificates of tax sale, were sold for the full amount of the unpaid delinquent taxes for the year 1935, to John Hunter, who assigned the certificates, on May 31, 1939, to Wm. F. Lohr, who on June 29, 1939, filed in the office of the County Treasurer legal notice of the expiration of the time of redemption duly served upon all parties entitled to such notice; that no redemption from said sale having been made within the time for such redemption, the defendant issued his Treasurer's tax deed conveying said property to Wm. F. Lohr, on April 22, 1940; that on December 8, 1937, at an adjourned tax sale, the said Lot 39, Block 31, Leeds, Woodbury county, Iowa, was sold for the unpaid delinquent taxes for the years 1934, 1935, and 1936, to Wood-

bury county, which assigned the certificate of tax sale to Wm. F. Lohr, who filed notice of the expiration of the period of redemption with proof of service thereon in the office of the County Treasurer, and, no redemption having been made, the Treasurer issued his tax deed on the 16th day of December 1938, conveying said lot to Wm. F. Lohr. The defendant further answered that, having issued tax deeds, based upon tax-sale certificates issued subsequently to the tax-sale certificates relied upon by the plaintiff and prior to the filing by plaintiff of his notices of expiration, the defendant, as County Treasurer of Woodbury county, and Woodbury county, had no right, title, or interest remaining which either could transfer or deed to plaintiff at the time he requested his tax deeds. Defendant prayed for the dismissal of plaintiff's petition.

The parties stipulated that the facts pleaded by both parties, as set out above, were true. Although there was no such allegation, it was also stipulated that the tax deeds issued to Lohr had never been filed or recorded in the office of the recorder of Woodbury county.

Plaintiff's tender of his certificates and his demand for the issuance of tax deeds were refused by the defendant, on December 21, 1940, in accordance with the opinion of the attorney general on the matter, and so noted in the written rejection.

It is conceded by the parties that there is no dispute in the facts, and that the only issues are those of law. The question which determines this appeal is whether the plaintiff was entitled to the tax deeds from the defendant County Treasurer at the time he made his tender and demand. If he was so entitled, the defendant had no discretion in the matter and should have issued the deeds. But it is clear, under this record, that he was not entitled to such deeds, and that the defendant rightly refused to execute them. Plaintiff, as the holder of his tax-sale certificates, had the right to redeem from the tax sales, the certificates for which were held by Lohr. White v. Hammerstrom, 224 Iowa 1041, 1046, 277 N. W. 483. It is conceded that notices of the expiration of redemption, required by statute, were duly and legally served upon all persons entitled to such notice under the statute, and that such services were made and completed within the time and in the manner required by

statute, in all respects. It is also conceded that no redemption was made within the time required by statute, by the plaintiff or by anyone else. The statutes provide a method for redemption by which the plaintiff could have protected his rights under his certificates of tax sale. But he failed to take advantage of these statutory provisions. After he procured these certificates, he served notices of the expiration of the redemption periods, but he did nothing further. Neither he nor anyone else paid the taxes for any of the years subsequent to the issuance of his tax certificates. Because of such failure, it was the duty of the County Treasurer to again sell the properties at tax sale. The properties were bid in for the delinquent taxes, and the certificates of such sales became the property of Lohr, who thereafter fully complied with the statutory provisions with respect to redemption, so that it was the duty of the County Treasurer to issue tax deeds to him. Woodbury county had then no present right in the properties because of delinquent taxes against them. By issuing the tax deeds to Lohr, the county and its County Treasurer had exhausted any existing right in the latter to execute other tax deeds to the property. The defendant, therefore, rightly rejected the plaintiff's tender and demand, and the trial court rightly denied the writ of mandamus.

Plaintiff contends that he was entitled to his remedy because Lohr had not yet placed his tax deeds of record. This matter was never called to the attention of the defendant, and had it been done, the fact of such failure does not aid the plaintiff. The defendant rightly issued the tax deeds to Lohr. If anything thereafter occurred which might affect the rights of Lohr, the defendant is not responsible therefor.

We have read the authorities cited by plaintiff and find none of them to sustain his contentions. The judgment is affirmed.—Affirmed.

All Justices concur.